### SCHNEPPER v. WHITING, Judge.

1. Where the mandate on appeal merely orders a reversal of a judgment without any other direction, it is the duty of the lower court to retry the action.

2. Where the trial court fails to obey the mandate on appeal, mandamus lies to compel obedience.

FULLER, J., dissenting.

(Opinion filed April 5, 1904.)

Application by Elsie J. Schnepper for mandamus to compel Charles S. Whiting, as Judge of the Ninth Judicial Circuit, to retry an action.    Writ granted.

*T. H. Nutt* and *W. A. Lynch,* for plaintiff.

*A. W. Wilmarth,* for defendant.

HANEY, J.    This is an original application for a writ of mandamus, commanding the defendant, as judge of the circuit court, to vacate a judgment rendered in an action recently reversed and remanded by this court, and to retry the same. While the facts stated in defendant's return to the order to show cause, issued herein, differ in some particulars from the facts alleged in the plaintiff's application, the issues thus raised need not be noticed, as the view we shall take will be predicated upon undisputed matters of record.

The plaintiff intervened in an action pending in the circuit court within and for Beadle county, claiming to be the owner of certain real property in the city of Huron.    The defendants in that action claimed title under a certain tax deed.    The cause having been tried by the court without a jury, and its decision and judgment rendered in favor of the intervener, the

defendants, without moving for a new trial, appealed to this court, where, on rehearing, the judgment of the circuit court was reversed, and the action remanded for further proceedings according to law and the decision of this court. Cornelius v. Ferguson, 16 S. D. 113, 97 N. W. 388. When the remittitur reached the circuit court, it entered judgment in favor of the defendants without notice, and subsequently declined to vacate the same on the sole ground that under the decision and judgment of this court it was without authority to do otherwise than render judgment for the defendants.

It was within the power of this court to have reversed, affirmed, or modified the judgment of the circuit court, to have directed the entry of a particular judgment, or to have ordered a new trial. Rev. Code Civ. Proc. § 464. The question is, which of these things was done? not, what should have been done in view of the issues involved in that particular case? The answer to this inquiry must be found in the language of the judgment rendered by this court. It is the duty of the lower court, when a case is remanded, to comply with the mandate of the appellate court, even though there is error therein. 13 Ency. Pl. & Pr. 845. In this jurisdiction the judgment, a copy of which constitutes the remittitur in cases tried on appeal, is itself the mandate of this court. The material parts of the one under discussion are as follows: "This action coming on to be heard, * * * and the court having advised thereon and filed its decision in writing, it is considered, ordered and adjudged that the judgment of the circuit court within and for Beadle county, appealed from herein, be and the same is hereby reversed, and it is further ordered that this action be and is hereby remanded to said circuit court for furth-

er proceedings according to law and the decision of this court "
The decision referred to in this judgment became the law of the
case in all subsequent proceedings in this and the court below,
and the mandate of this court must be construed with reference
thereto. 13 Ency. Pl. & Pr. 847. A careful examination
of the decision will disclose that only one proposition was de-
termined, namely, that the tax deed relied on by the defend-
ants was not void on its face. It is silent as to what other is-
sues, if any, were raised by the pleadings; as to whether the
pleadings should be amended; and it contains no suggestion as
to what action should be taken by the court below. The words,
"and the case is remanded for further proceedings consistent
herewith," merely give formal expression to what necessarily
follows as a matter of law in all cases heard on appeal, wheth-
er the judgment be reversed, modified, or affirmed. Hence
the only question to be determined is the effect of a reversal
where the appeal is from the judgment alone. Where a case
is reversed and remanded for further proceedings, generally a
new trial should be had. 13 Ency. Pl. & Pr. 853. There are
exceptions to this rule in cases where the error relates to con-
clusions of law based on findings of fact to which no objections
have been taken, concerning which exceptions the authorities
are conflicting. This court is therefore at liberty to adopt such
rule for construing its mandates, in cases heard on appeal, as
it deems best calculated to avoid uncertainty and give effect to
the understanding and intention of its judges. These objects
will, we believe, be best attained by holding that the reversal
of a judgment, without other direction, places the parties in
the same position they occupied before the cause was tried;
that, unless otherwise expressly directed, it is the duty of the

lower court to retry the remanded action; and that, whenever the circumstances are such that the cause should not be retried, this court will clearly indicate its opinion to that effect. It follows that the learned circuit court misconstrued the mandate of this court in deciding that it was without authority to do otherwise than enter a judgment in favor of the defendants.

It is contended that, notwithstanding the mandate may have been misconstrued, no relief can be afforded by this proceeding (1) because the discretion of the lower court cannot be controlled by mandamus, and (2) because the plaintiff has an adequate remedy by appeal. The contention is untenable. It is held by the Supreme Court of the United States that, where its mandate has been disregarded, mandamus is the proper remedy. In re City Nat. Bank, 153 U. S. 246, 14 Sup. Ct. 804, 38 L. Ed. 705. In another case that distinguished tribunal, speaking by Mr. Justice Gray, uses this language: "If the circuit court mistakes or misconstrues the decree of this court, and does not give full effect to the mandate, its action may be controlled, either upon a new appeal (if involving a sufficient amount), or by a writ of mandamus to execute the mandate of this court. * * * But the circuit court may consider and decide any matters left open by the mandate of this court; and its decision of such matters can be reviewed by a new appeal only. * * * The opinion delivered by this court at the time of rendering its decree may be consulted to ascertain what was intended by its mandate, and either upon an application for a writ of mandamus, or upon a new appeal, it is for this court to construe its own mandate, and to act accordingly." In re Sanford Fork and Tool Co., 160 U. S. 247, 16 Sup. Ct. 291, 40 L. Ed. 414. As has been shown, our mandate, properly construed,

commanded the court below to retry the remanded action. As
a matter of law, such command was as imperative as an order
granting a new trial in express terms. This court neither de-
signs nor desires to control the exercise of discretion on the
part of any inferior tribunal. As between retrying the re-
manded action and entering judgment for the defendants there-
in, no question of discretion arose. If the effect of the man-
date was to order a new trial, no other course could be pur-
sued, and, until the lower court has entered upon that one line
of procedure, the mandate of this court will not have been
obeyed. Certainly, this court has power to decide whether an
action shall be retried, and power to enforce such decision.
In this proceeding it merely repeats, in express and unmistak-
able language, what in legal effect was expressed by its man-
date, and compels obedience thereto.

It is due to the learned defendant to state that, in the ab-
sence of any decision on the subject by this court, there was
ample room for diversity of opinion concerning the proper
construction of its mandate, and that he evidently endeavored
to give effect to what he understood was intended thereby.
Plaintiff is entitled to the writ as prayed.

FULLER, J., dissenting.