HALL et al, Appellants, v. CARLSON, Respondent.

(215 N. W. 494.)

(File No. 6055. 'Opinion filed October 11, 1927.)

1. **Judgment—Judgment Foreclosing Mechanic's Lien on Homestead Held Not Void, and Therefore Not Subject to Collateral Attack.**

Where, in suit to foreclose a mechanic's lien on a homestead, court had jurisdiction of subject-matter and parties, and foreclosure of lien was issue presented by pleadings, though judgment giving right to lien may have been erroneous, it was not void, and hence was not subject to collateral attack.

2. **Judgment—When Time for Appealing from Judgment Giving Mechanic's Lien on Homestead Had Passed, Judgment Became Final.**

Where, in suit to foreclose mechanic's lien on homestead, court had jurisdiction of subject-matter and parties, and foreclosure of lien was issue presented by pleadings, when time for appealing therefrom had passed, judgment that plaintiff was entitled to a lien became final.

---

Note.—See, Headnotes (1), (2), American Key-Numbered Digest, Judgments, Key-Nos. 501, 576(1), 564(1), 34 C. J. Secs. 856, 1184; Mechanics' liens, 40 C. J. Sec. 747.

For pleading in foreclosure of mechanics' liens, see Bancrofts Code Pleading, Vol. 3, pg. 3097.

Appeal from Circuit Court, Minnehaha County; HON. JOHN T. MEDIN, Judge.

Action by Stephen C. W. Hall and another against L. M. Carlson. From an order overruling plaintiffs' demurrer to defendant's answer, plaintiffs appeal. Order sustained.

*Johnson & Simons* and *Ray E. Dougherty,* all of Sioux Falls, for Appellants.

*Parliman & Parliman,* of Sioux Falls, for Respondent.

POLLEY, J. This action is brought to quiet title to certain real estate described in the complaint. The complaint alleges that plaintiffs are the owners of said real estate, and that they have owned and occupied the same as a homestead for many years last past; that the defendant claims an interest in said property adverse to plaintiffs', but that defednant has no right, title, or interest in or lien upon the same. Defendant admits plaintiffs' ownership of said

property and the homestead character thereof, but for a defense alleges that on the 19th day of November, 1920, defendant filed a mechanic's lien against the said property for certain labor and material furnished by defendant in making certain improvements upon the said real property; that on or about the 6th day of April, 1921, defendant commenced an action against plaintiffs for the purpose of recovering the value of the said improvements and to foreclose the said mechanic's lien; that plaintiffs appeared and answered in the said action; that the case was tried to the court without a jury; the court found the facts as alleged in the complaint, and as conclusions of law decided that plaintiff was entitled to judgment for the amount claimed in the complaint; that plaintiff had a valid mechanic's lien on the said real estate, and that plaintiff was entitled to a decree foreclosing the said lien. The court then entered judgment in favor of plaintiff for the amount of his claim, with interest and costs, and further decreed that said sum was due for labor and materials furnished by plaintiff in and about the said improvements on the said dwelling house, and that all the interest of the defendants in and to the said property was subject to the said lien. The decree contained the further provision:

"That said premises, at the time said materials were furnished and labor performed, and at the time of filing said lien, and now are of the reasonable value of ten thousand ($10,000) dollars, and in which said property the defendants, Stephen C. W. Hall and Mary E. Hall, have a homestead right of five thousand ($5,000) dollars; and it is ordered, that the said building and premises above described be sold to satisfy the amount of the lien above specified, including the costs of this action, and a reasonable attorney fee, which is hereby allowed to plaintiff in the sum of ten dollars, and that out of the proceeds of said sale that the homestead claim and right of five thousand ($5,000) dollars of the said Stephen C. W. Hall and Mary E. Hall be first paid, and that after the same is paid that then the amount of plaintiff's judgment and lien and attorney's fees be paid to plaintiff or his attorneys, and that the balance, if any, be paid to the Halls."

Plaintiff demurred to this answer, and it is from an order overruling such demurrer that this appeal is taken. Appellants preface their argument on this appeal with the statement that:

"The only question involved on this appeal is whether or not a mechanic's lien may be filed and foreclosed against a homestead."

[1, 2] This is not the only question, nor the most important one. The most important question, in our judgment, is whether the judgment of foreclosure, entered on the 17th of April, 1922, may be inquired into at this late day in the present action. The cases cited by appellant are not in point. Robert Burns L. Co. v. Peterson, 48 S. D. 92, 202 N. W. 387, merely holds that prior to the enactment of chapter 280, Laws 1921, a homestead was not subject to a mechanic's lien. Dieter v. Fraine, 20 N. D. 484, 128 N. W. 684, holds that an execution sale of a homestead conveys no title to the purchaser. Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 12 L. R. A. (N. S.) 803, 118 Am. St. Rep. 612, 11 Ann. Cas. 348, holds that where a judgment on default awards relief in excess of that prayed for in the complaint or the scope of the allegations, the portion of the judgment in excess of the prayer or the allegations of the complaint is void for want of jurisdiction. But that does not apply to this case, for here the court had jurisdiction of the parties and the subject-matter of the action, and the foreclosure of the mechanic's lien is the very thing prayed for in the complaint. Vallely v. Fire Ins. Co., 254 U. S. 348, 41 S. Ct. 116, 65 L. ed. 297, was a proceeding in involuntary bankruptcy. The defendant was an insurance company. After the company had been adjudged a bankrupt and the estate partly administered, and the time for appealing had passed, it made a motion to vacate the adjudication as null and void, and to dismiss the proceeding, upon the ground that Bankruptcy Act, § 4, subd. (a), being 11 USCA § 22, excludes insurance companies from the benefits of voluntary bankruptcy, and by subdivision (b) prohibits them from being adjudged involuntary bankrupts. The motion was granted; the court saying:

"For a court to extend the act to corporations of either kind is to enact a law, not to execute one."

In this case the court had jurisdiction of the subject-matter of the action; it had jurisdiction of the parties; the foreclosure of the mechanic's lien was the precise issue that was presented by the pleadings. The court held that as a matter of law the defendant was entitled to a lien. The judgment may have been erroneous, but it was not void, and therefore not subject to collateral

attack, and when the time for appealing had passed the judgment became final.    34 C. J. 768; Weber v. Tschetter, 1 S. D. 205, 46 N. W. 201; Noyes v. Belding, 6 S. D. 629, 62 N. W. 953; Howard v. Huron, 6 S. D. 180, 60 N. W. 803; Pitts v. Oliver, 13 S. D. 561, 83 N. W. 591, 79 Am. St. Rep. 902; Selbie v. Graham, 18 S. D. 365, 100 N. W. 775.

The order appealed from is sustained.

CAMPBELL, P. J., and BURCH, J., concur.

GATES and SHERWOOD, JJ., not sitting.