WARWICK, Respondent, v. BLISS, Appellant.

(216 N. W. 865.)

(File No. 5621.   Opinion filed December 20, 1927.)

*Danforth & Barron,* of Sioux Falls, for Appellant.
*Kirby, Kirby & Kirby,* of Sioux Falls, for Respondent.

CAMPBELL, P. J.   Plaintiff originally brought this action against defendant for damages for malpractice.   At the close of plaintiff's testimony defendant moved for a directed verdict on the ground that the evidence was insufficient to entitle plaintiff to recover.   This motion was denied.   Defendant made the same

motion at the close of all the testimony and it was again denied. The jury returned a verdict for plaintiff, after which defendant moved for judgment non obstante upon the same grounds as set out in his two previous motions for directed verdict. This motion was likewise denied, and judgment on the verdict was entered for plaintiff. From the judgment alone defendant appealed to this court. Warwick v. Bliss, 46 S. D. 622, 195 N. W. 501. On that appeal the judgment was reversed, and the opinion appears to turn on the proposition that the evidence was not sufficient to entitle the plaintiff to recover. The opinion in that appeal, however, contained no specific direction as to further proceedings in the cause, but ended in these words, "The judgment appealed from is reversed." Pursuant to that opinion, the mandate of this court was remitted to the circuit court of Minnehaha county without specific directions or instructions, and in the usual and customary language as follows:

"It is considered, ordered, and adjudged that the judgment of the circuit court, within and for Minnehaha county, appealed from herein, be, and the same is hereby, reversed. And it is further ordered that this action be, and the same is hereby, remanded to said circuit court for further proceedings according to law and the decision of this court."

When the remittitur went back to the circuit court, plaintiff caused the action to be placed on the calendar for trial. Thereafter, by order to show cause based on affidavit, defendant brought on for hearing before the learned trial judge a motion that final judgment be entered in the action in favor of defendant and against the plaintiff dismissing plaintiff's complaint upon its merits, with costs. It is apparently the theory of the defendant that the circumstances of this particular case were such that, upon the return of the remittitur, the trial court should enter judgment for defendant without a new trial, even though the mandate of this court did not specifically so direct. It appears to be the view of the plaintiff on the other hand that, inasmuch as the appeal was from the judgment only, which judgment was reversed without any direction, it is the duty of the lower court to retry the remanded action on the authority of Schnepper v. Whiting, 18 S. D. 38, 99 N. W. 84.

The learned trial judge denied the motion of defendant, and entered thereon the following order:

"The above-entitled matter having been remanded by the Supreme Court of the state to the circuit court of Minnehaha county, S. D., in accordance with the mandate and opinion of the court, and having, at the request of the plaintiff, been placed upon the trial calendar of this court for trial at the January, 1924, term of said court before the undersigned, one of the judges of said circuit court, and the defendant before said cause was reached for trial, having secured from the court its order to show cause as to why judgment should not be entered herein in favor of the defendant upon its merits because of the mandate and decision of the Supreme Court of the state, and said order to show cause coming on duly to be heard before the court, the plaintiff appearing in person and by his attorneys, Messrs. Kirby, Kirby & Kirby, and the defendant appearing in person and by his attorney, George J. Danforth, and the court having listened to the arguments of counsel, and being advised in the premises, and being of the opinion that the opinion and mandate of the court simply directs the lower court to retry said cause; '

"Now, therefore, it is ordered that said motion or order to show cause be, and the same is hereby, denied."

From which order defendant has appealed to this court.

We are not disposed at this time to recede from the position announced in Schnepper v. Whiting, supra, but we do not believe that the propriety of that decision or the question of whether some distinction exists in the particular case to take it out from under the operation of the broad rule of that decision is before us at this time.

It is apparent that the motion of appellant in the court below was in substance a motion for dismissal or nonsuit, and this is true, regardless of what may have been the theory upon which the motion was made or the reasons underlying appellant's view of the situation. The order of the learned trial judge was in substance an order denying the application of defendant and appellant for a dismissal. The order was interlocutory, and we are of the opinion that under our statute it is not appealable. Section 3168, Revised Code 1919; Strecker v. Railson, 19 N. D. 677, 125 N. W. 560; Fraser v. Sheldon, 164 Cal. 165, 128 P. 33; Leavens v. Pink-

ham & McKevitt, 164 Cal. 242, 128 P. 399; Ryan v. Davenport, 5 S. D. 203, 58 N. W. 568; De Bord v. Brandt, 49 S. D. 173, 206 N. W. 925.

This appeal is therefore dismissed.

POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.