WENZLAFF, Respondent, v. TRIPP STATE BANK, et al, Appellants.

(227 N. W. 79.)

(File No. 6645.  Opinion filed October 15, 1929.)

*Hitchcock & Sickel,* of Mitchell, for Appellant.
*Orvis & French,* of Yankton, for Respondent.

BURCH, J. On the 15th of October, 1923, the trial court entered a judgment in favor of plaintiff in this action foreclosing a mortgage of $17,500 on the bank building and lots occupied by defendant Tripp State Bank. Defendants appealed to this court from that judgment, and the judgment was reversed (see 50 S. D. 6, 208 N. W. 222) on the ground of fraud, and appellants' prayer for a cancellation of the mortgage because of the fraud was granted, and the trial court directed to cancel the mortgage. A rehearing was granted, and, on the rehearing (see 51 S. D. 447, 214 N. W. 844, 845), the judgment of this court was modified. This court being of the opinion that, although the mortgage was fraudulently obtained and a rescission and cancellation should therefore be allowed, equity required as a condition of the cancellation that plaintiff should have a return of the Goldhammer mortgage, given as a part of the consideration for the mortgage in suit. Because the Golhammer mortgage could not be returned, this court allowed a rescission and cancellation in part only, and allowed a recovery to plaintiff in an amount equal to the value of the Goldhammer mortgage as a necessary step in the rescission prayed for by defendants. The rehearing therefore resulted in a final judgment of this court in the following language:

"The directions to the trial court in our former opinion are withdrawn, and the judgment and order appealed from are modified with direction to the trial court to find the value of the Goldhammer mortgage and enter judgment of foreclosure for that amount, with interest and costs, to find against plaintiff as to the balance of the debt sought to be recovered, and to decree that upon the payment of such judgment the mortgage shall be fully paid and satisfied. Costs to be taxed in this court in favor of defendants and appellants."

On receipt of the remittitur from this court, the trial court thereupon, with due notice to all parties, received evidence as to the value of the Goldhammer mortgage, without otherwise trying the case, and rendered judgment according to the mandate. From that judgment defendants appeal.

■ Appellants complain because the trial court did not treat the action of this court as a reversal and direction to retry the case, instead of confining the evidence to the value of the Goldhammer mortgage as the trial judge construed the mandate required him to do. In Schnepper v. Whiting, 18 S. D. 38, 99 N. W. 84, this court held that, where the mandate merely orders a reversal of a judgment without any other direction, it is the duty of the lower court to retry the action. The language of the mandate therein construed read, "and the case is remanded for further proceedings consistent herewith." In the case of Butler Bros. v. Mason et al, 52 S. D. 349, 217 N. W. 510, this court had occasion to again express its position where the mandate read, "remanded for further proceedings in harmony herewith." In that case it was contended the decision was such that the trial court had but one duty, namely, to amend one finding and render judgment accordingly. Instead of doing so the trial court retried the case, and that action was assigned as error. We adhered to the holding in the Schnepper Case, and said, "Whenever the circumstances are such that the cause should not be retried, this court will clearly indicate its opinion to that effect." We think this rule is best adapted to avoid confusion in such matters, and therefore adhere to it. But the mandate in the case at bar is quite different. It is specific, and the trial court did not err in following its directions.

■ A considerable portion of appellants' brief and that seemingly relied upon relates to the jurisdiction of this court to render the judgment upon which the mandate issued. Counsel should know that question cannot be presented in this manner. We cannot reverse the trial court for following our mandate. If this court's jurisdiction is to be questioned, it must be by challenge to its jurisdiction here. We cannot reverse the trial court for refusing to reverse us, no matter what we may think of our own jurisdiction when called to our attention.

■ Though the question is not before us, to satisfy counsel we will say that we are satisfied the judgment of this court on

which the mandate issued was well within the appellate jurisdiction of this court. Appellants do not object to the first decision directing the trial court to cancel the mortgage. But when another judgment identical in principle but not so favorable to them directs that it be canceled in part and enforced in part they complain. For the purpose of appellate action, evidence showing plaintiff entitled to the value of the Goldhammer mortgage was complete though the value was not shown. This court, in declaring plaintiff's legal right to the value of that mortgage, acted entirely within its appellate jurisdiction. To enforce that right we directed the trial court to find the value and enter judgment therefor. The additional evidence directed to be taken did not affect the legal rights of either party as declared by this court. It merely showed the value of the declared right so that the right could be enjoyed.

The judgment appealed from is affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BROWN, JJ., concur.