JANSSEN, Appellant, v. TUSHA, et al, Respondents

(297 N. W. 119.)

(File Nos. 8383 and 8384. Opinion filed March 27, 1941.)

Rehearing Denied April 21, 1941.

H. Van Ruschen, of Salem, for Plaintiffs and Appellants.

, C. H. McCay and Joe W. Flood, both of Salem, for impleaded Defendants and Appellants.

H. L. Bleeker and Danforth & Seacat, all of Alexandria, and Danforth & Danforth, of Sioux Falls, for Defendants and Respondents.

ROBERTS, J. Plaintiffs Dick D. Janssen and John D. Janssen instituted separate actions against the administratrix of the estate of Anna D. Janssen and others to quiet title to the separate tracts of land described in the complaints. The answers of the defendants set up in detail the transactions between these plaintiffs and their mother, Anna D. Janssen. It is alleged that the mother conveyed the separate tracts to these plaintiffs, and that each of the plaintiffs agreed to pay specified sums during the lifetime of the mother, and a fixed sum evidenced by a note and mortgage payable on demand after proving of will and starting of probate proceedings of the mother's estate. Defendants by so-called counterclaims and cross complaints set up the same alleged facts and asked that the mortgages be foreclosed. Plaintiffs interposed demurrers to the answers and the counterclaims and cross complaints, and upon appeal, the orders overruling the demurrers were by this court affirmed. Janssen v. Tusha, 65 S. D. 124, 271 N. W. 823. Plaintiffs then served and filed replies to the counterclaims and cross complaints denying generally the allegations therein, and affirmatively alleging that the notes and mortgages were void because not made to a person in being. The trial court having found for the plaintiffs upon the issues thus joined, the defendants appealed to this court. Janssen v. Tusha, 66 S. D. 604, 287 N. W. 501. It is there held that where no ambiguities in the agreements existed extrinsic evidence was not admissible in determining the terms of

the agreements, that each of these plaintiffs contracted to pay $500 annually to the mother and a fixed sum to her estate, that the notes payable to the estate constituted valid bearer paper, and that the instruments executed and delivered for the purpose, of pledging land as security for the debts could be enforced as equitable mortgages.

The judgments having been reversed and the causes being before the lower court for retrial, the plaintiffs asked leave to amend the replies to the counterclaims and cross complaints by alleging mistake and error in the written agreements entered into between the parties and asking reformation of the agreements by correction of the alleged mistakes so as to make them conform to the intention of the parties. The trial court denied the motions for leave to amend. Findings and conclusions of law were entered in favor of the defendants. Judgments were entered, decreeing that the mortgages be foreclosed, that the properties be sold, that the proceeds of sale over and above the expenses thereof be applied upon the amounts due, and that defendant administratrix have executions for deficiencies, if any. Plaintiffs applied to the court to fix the amounts of undertakings to stay executions on the judgments under the provisions of SDC 33.0718, which provides that if the judgment appealed from directs the sale of the mortgage premises, the execution shall not be stayed unless the undertakings be executed "conditioned for the payment of any deficiency which may arise * * * and all costs and damages which may be awarded to the respondent on such appeal." The court fixed the amount of each of the undertakings at $4,000. Undertakings were not furnished by the appellants, and the administratrix bid in each of the properties at foreclosure sale for the sum of $6,500, which amount in each case was less than the amount of the judgment. From the judgments entered, the plaintiffs and impleaded defendants have appealed.

The assignments of error present the contentions, first, that the trial court should have permitted the plaintiffs to amend, and second, that the trial court erred in fixing the amount of each of the undertakings.

 The mandate of this court ordering a reversal of a judgment without other direction nullifies the judgment, findings of facts, and conclusions of law, and leaves the case standing as if no judgment or decree had ever been entered. 5 C.J.S., Appeal and Error, § 1950; Schnepper v. Whiting, 18 S. D. 38, 99 N. W. 84; Van Abel v. Wemmering, 36 S. D. 31, 153 N. W.911; Tuthill v .Sherman, 39 S. D. 464, 165 N. W. 4; Wenzlaff v. Tripp State Bank, 55 S. D. 626, 227 N. W. 79. The reversal of a judgment does not preclude the right to amend a pleading; amendment after reversal has found recognition in this court. Steere v. Gingery, 24 S. D. 423, 123 N. W. 863; Tuthill v. Sherman, supra; Hemmer-Miller Development Co. v. Hudson Insurance Co. of New York, 63 S. D. 109, 256 N. W. 798. A pleading may not be amended and new issues presented inconsistent with the issues passed upon by the reviewing court. City of Mitchell v. Dakota Central Telephone Co., 27 S. D. 509, 131 N. W. 1090; Id., 28 S. D. 168, 132 N. W. 683. The trial court assigned as a reason for denying the applications to amend that the opinion of this court on the former appeal was res adjudicata as to the mistake alleged in the proposed amended replies. In this discussion, we may assume that our former opinion was not controlling upon the question of reformation. If the decision of the trial court is correct, the decision may be affirmed although the reason assigned for the action of the court may not be sustainable. Many cases in point will be found annotated under SDC 33.0710, Vol. 4, page 365.

The former decision not being res adjudicata to an action to reform the agreements, the plaintiffs contend that they were entitled to amend their replies pleading reformation. As before stated, the mother conveyed by warranty deeds the separate tracts of land to these plaintiffs. Contemporaneous writings consisting of agreements, promissory notes, and mortgages were also executed and delivered. Each son agreed to pay to the mother "during the remainder of her natural life, the sum of Five Hundred Dollars ($500) for each and every year during the balance of her life." Plaintiffs allege in their proposed amended·replies that this language does not express the real agreements or transac-

tions; that through inadvertence the scrivener omitted to state that the annual payments were to be applied upon the notes. The replies conclude with prayers for judgments decreeing reformation of the agreements and that the notes have been fully paid.

█ Respondents, in opposition to each of these motions to amend, filed an affidavit showing the filing of petitions by these plaintiffs under the so-called Frazier-Lempke Act, 11 U.S.C.A. § 203, in the District Court of the United States, for the District of South Dakota, seeking a reduction of their indebtedness. Plaintiffs appeared before a conciliation commissioner, and the testimony in that proceeding is at variance and entirely inconcistent with the position of these plaintiffs in their proposed amended replies. Plaintiffs listed in the schedules filed in the conciliation proceedings the notes in the amounts of $7,632 and $7,420, and under examination of counsel and the Commissioner admitted that the amounts were correct and that the notes were to be paid after the death of the mother. A party who has assumed a particular position in a judicial proceeding must maintain therewith some degree of consistencey. Smith v. Reid, 60 S. D. 311, 244 N. W. 353. While courts exercise in the furtherance of justice liberality in granting motions to amend pleadings, we think under the facts here presented that the trial court would have been without the bounds of judicial discretion if he had granted the motions to amend.

█ It is the claim of the appellants that the trial court fixed the amounts of the undertakings upon an erroneous conception of the law. The provisions of Chapter 146, Laws 1939, require that the right to a deficiency judgment must be determined in the foreclosure action. If this right is not determined, the foreclosure of a mòrtgage by action operates "as a complete extinguishment, satisfaction and payment of the debt secured." Respondents did not submit to the court evidence of the "fair and reasonable value" of the mortgaged premises as a basis for determination of deficiencies and the court did not determine the same in its decrees. It is the argument of the appellants that the foreclosure of the mortgages operated as a complete satisfaction

and payment of the debts, and no undertakings should have been required under SDC 33.0718, conditioned for the payment of deficiencies.

 The only ground of complaint on the part of the appellants that could possibly be considered is that they have been or will be injured by the orders of the trial court fixing the amounts of the undertakings. It affirmatively appears from the record that the period of redemption has not expired and appellants have not been deprived of the right to redeem, but we need not consider the prejudicial effect of the action of the court. SDC 33.0710 provides: "On appeal from a judgment the Supreme Court may review any order, ruling, or determination of the trial court, including an order denying a new trial, and whether any such order, ruling, or determination is made before or after judgment involving the merits and necessarily affecting the judgment and appearing upon the record." The effect of a supersedeas is to suspend further proceedings and to preserve the status quó pending determination of the appeal. The orders of the trial court fixing the amounts of the undertakings to stay executions, if erroneous, did not become errors in the judgments and cannot be reviewed as orders involving the merits and necessarily affecting the judgments.

The judgments appealed from are affirmed.

All the Judges concur.