STATE ex rel. CRAWFORD, Petitioner, v. HANSON, Respondent

(41 N. W.2d 646)

(File No. 9149. Opinion filed February 27, 1950)

**Churchill & Churchill,** Huron, for Petitioner.

**Jon Fosheim, Max Royhl, Boyd M. Benson,** Huron, for Respondent.

PER CURIAM. In harmony with our opinion in Crawford v. Carter, 72 S.D. 514, 37 N.W.2d 241, a judgment was entered in words as follows: "It is ordered, considered and adjudged that the judgment of the Circuit Court within and for Beadle County. South Dakota, appealed from herein, be and the same is hereby reversed and the cause remanded with directions to bring in the wife of the Plaintiff as a party to said cause." After remittitur, when the case was reached for trial below, the trial court made a ruling as follows: "I further am inclined to grant the motion made by the Defendant at this time. It appears that this evidence has been heard by the Circuit Court; reviewed by our Supreme Court

and certain disputed questions are, or should be, settled. In other words as a practical matter certain phases are res judicata and it appears that the sole and only remaining question at this time is the rights of Mrs. Crawford, and it would appear that the Supreme Court intended that their former decision have full force and effect. In other words if this case were retired before me at this time I would feel duty bound to accept and adopt the conclusions reached by both Judge Warren and our Supreme Court with reference to all matters except the rights of Mrs. Crawford.

"Further in line with the rule that there should be an end of litigation and giving the Supreme Court's decision its fullest effect I think the defendant's motion should be granted and the same is granted."

The matter is now before us on application of the plaintiff for a peremptory writ of mandamus, commanding the trial judge to proceed to try, hear, and determine the issues as made up by the amended pleadings.

██ ██ It is settled, where the trial court has misunderstood a mandate of this court and is failing and refusing to comply therewith, that mandamus affords the parties with a remedy and offers this court a ready opportunity to interpret its mandate for the benefit of the trial court. Schnepper v. Whiting, 18 S.D. 38, 99 N.W. 84. Cf. 55 C.J.S., Mandamus, § 100d, p. 171; 35 Am.Jur., Mandamus, § 308, p. 62.

By the mandate quoted, supra, we reversed the judgment of the trial court, and intended that a new trial be had. Cf. Schnepper v. Whiting, supra.

The peremptory writ of mandamus is allowed.