WENTZEL, Appellant v. HUEBNER et al., Respondents

(104 N.W.2d 476)

(File No. 9826. Opinion filed August 11, 1960)

472

**Bottum & Beal,** Rapid City, for Plaintiff and Appellant.

**Hanley, Costello & Porter,** Rapid City, for Defendant and Respondent and Garnishee.

RENTTO, J. Plaintiff sued defendant to recover for personal injuries he suffered while a passenger in a car operated by the defendant. The jury returned a verdict in his favor and fixed his damages in the sum of $17,134.48. On June 1, 1959, judgment was entered for this amount and costs $110.30. Defendant's motions for a new trial and a judgment notwithstanding the verdict were denied. On June 27, 1959, defendant served his notice of appeal from the judgment and orders entered on his subsequent motions. That appeal has been argued and is under consideration by this court.

In connection with that appeal defendant furnished the cost bond required by SDC 1960 Supp. 33.0709. He also executed a supersedeas bond in the sum of $10,000. Obviously the undertaking was in this amount because that is the limit of liability in his policy of insurance. On plaintiff's exceptions to the sufficiency of the supersedeas bond the trial court held that it did not stay the execution of plaintiff's judgment. Promptly thereafter plaintiff proceeded by garnishment against defendant's liability insurer as garnishee defendant. Upon issue joined between the plaintiff and the garnishee defendant the trial court entered its judgments dismissing the garnishment proceedings as premature. This appeal is from that action of the trial court.

■ Provision for staying the execution of a judgment directing the payment of money is made in SDC 1960 Supp. 33.0714. The undertaking must be "to the effect that if the judgment appealed from or any part thereof, be affirmed, the appellant will pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against the appellant on appeal." The effect of such undertaking is to suspend further proceedings pending determination of the appeal. Janssen v. Tusha, 67 S.D. 597, 297 N.W. 119. By this means the status quo of the matter is preserved.

■ ■ It is the intent of our statute that the privilege of suspending the execution of such judgment is that of the party entitled to appeal. State ex rel. Sholseth v. Knight, 52 S.D. 572, 219 N.W. 258. The liability with which it is concerned is that of the appellant. No provision is made in our law for superseding a judgment for the payment of money by a bond in an amount less than the judgment. It is a statutory right which is available only on compliance with the terms and conditions prescribed by the statute. Since the undertaking here did not satisfy the requirements of our statute it did not prevent plaintiff from attempting to enforce his judgment.

■ On the question of whether a garnishment in these circumstances is premature the cases are in conflict. See annotation 125 A.L.R. 755 and cases cited in the A.L.R. Blue Books of Supplemental Decisions; and Appleman Insurance Law and Practice, Ch. 202, § 4854. Ancateau, etc. v. Commercial Casualty Ins. Co., 318 Ill.App. 553, 48 N.E.2d 440, is representative of those holding the garnishment premature and Ohio Cas. Ins. Co. v. Gantt, 256 Ala. 262, 54 So.2d 595, of the other persuasion. It is apparent from the cases that the liability of the insurer is either a matter of statute or a matter of policy provision. Since we have no applicable statute the amenability of this insurer to garnishment must of necessity depend on its contract of insurance.

The pertinent provision of the policy here involved, so far as material, provides that:

"No action shall lie against the company * * * until the amount of the insured's obligation to pay . shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

In some of the cases it is stated that the problem is answered by determining whether the judgment in the original action is a final judgment. We do not share that view. Rather it seems to us that the decisive portion of the policy provision

is the phrase "finally determined". This may arise from either a judgment or an agreement. Our concern, therefore, is to decide at what point the insured's obligation to pay is finally determined by a judgment in this state.

■ Section 2484, R.C. 1919, defined a judgment as "the final determination of the rights of the parties in the action." However, this provision was eliminated in our 1939 code revision. Presently the only definition of a judgment in our code is that found in SDC 1960 Supp. 33.1701. It is there stated that: "The rendition of a judgment is the judicial act of the Court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict or decision." It is further provided that it "becomes a complete and effective judgment when reduced to writing, signed by the Court or Judge, attested by the clerk and filed in his office." SDC 1960 Supp. 33.1702. While compliance with the provisions of this section makes the judgment complete and effective it does not thereby acquire the status of finally determining the rights of the parties. It is a determination of the rights of the parties but it is not a final determination because it is subject to reversal or modification on appeal.

■ In this jurisdiction the appeal is a continuation of the original action and not a separate proceeding. SDC 1960 Supp. 33.0104 provides that: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment be sooner satisfied." Accordingly, we hold that the insured's obligation to pay was not finally determined by plaintiff's tort judgment. See Hall v. Carlson, 51 S.D. 513, 215 N.W. 494.

While probably not of any persuasive influence in this matter it is interesting to note that in our Motor Vehicle Financial Responsibility Law, SDC 1960 Supp. 44.03A, a judgment is defined as "any judgment which shall have become final by expiration without appeal of the time within which an appeal might have been perfected, or by final affirmation on appeal, * *". To hold that the tort judgment

was a sufficient determination of the insured's obligation to pay to render the garnishee defendant liable to the plaintiff in these proceedings would, in effect, read the word "finally" out of the insurance policy. In our view the trial court did not err in dismissing the garnishment.

Affirmed.

All the Judges concur.