#28491-stay-SLZ
**2018 S.D. 27**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

BRET HEALY,                                              Plaintiff and Appellant,

v.

MARY ANN OSBORNE, BRYCE HEALY,
BARRY HEALY, HEALY RANCH
PARTNERSHIP, HEALY RANCH, INC.,
and ALBERT STEVEN FOX,                    Defendants and Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
BRULE COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE CHRIS GILES
Judge

\* \* \* \*

CYNTHIA SRSTKA
Sioux Falls, South Dakota                    Attorney for plaintiff
                                                              and appellant.


JACK H. HIEB
ZACHARY W. PETERSON of
Richardson, Wyly, Wise
  Sauck & Hieb, LLP
Aberdeen, South Dakota                       Attorneys for defendants
                                                              and appellees Mary Ann
                                                              Osborne and Healy Ranch
                                                              Partnership.

\* \* \* \*

                                                              MOTION CONSIDERED
                                                              ON FEBRUARY 8, 2018

                                                              OPINION FILED 03/14/2018

LEE SCHOENBECK
Watertown, South Dakota

Attorney for defendants
and appellees Healy Ranch,
Inc., Barry Healy and Bryce
Healy.

KARA SEMMLER of
May, Adam, Gerdes & Thompson
Pierre, South Dakota

Attorneys for defendant
and appellee Albert Steven Fox.

#28491

ZINTER, Justice

[¶1.] On February 9, 2018, this Court issued an order granting Bret Healy's (Healy) motion for a stay of a circuit court's final judgment pending appeal. Additionally, we dismissed his first appeal from a non-final judgment. We now issue this opinion setting forth the reasons for our order.

## Facts and Procedural History

[¶2.] Healy sued Mary Ann Osborne and others (collectively Osborne) for alleged fraud in transferring ownership of a ranch and acreage in which Healy claimed an interest. As part of the suit, Healy filed a lis pendens as to the subject property. Osborne answered, counterclaimed, and later moved for summary judgment based upon the statute of limitations. The summary judgment motion was granted and the complaint dismissed, but neither the counterclaims nor the pending motions for attorney's fees were addressed. The issues pending before this Court developed as a result of a series of subsequent filings relating to Healy's appeal and his request for a stay of execution of the circuit court's judgment.

[¶3.] Although the summary judgment did not dispose of all pending claims, and although the circuit court did not enter an SDCL 15-6-54(b) certification, Healy filed an appeal of the summary judgment. Shortly thereafter, the circuit court filed a final judgment disposing of all pending claims. That judgment dismissed the counterclaims, awarded Osborne attorney's fees, and ordered an immediate release of the lis pendens. On the same date, Osborne filed a motion with this Court to dismiss Healy's appeal of the earlier summary judgment because it was not a final judgment.

[¶4.]        Healy also filed a motion in the circuit court to stay execution of that part of its final judgment ordering immediate release of the lis pendens.  Following email exchanges among the parties and the circuit court, the court denied the stay. It ruled that the lis pendens was "inappropriate" and that the court lost jurisdiction to grant a stay as a result of Healy's appeal.  Healy then moved this Court for special relief pursuant to SDCL 15-26A-39[1] to grant the stay.  Healy also filed a

---

1.      SDCL 15-26A-39 provides:

> A motion for the relief provided in §§ 15-26A-25 to 15-26A-38, inclusive, may be made to the Supreme Court but said motion shall show that the application to the circuit court for the relief sought is not practicable or that the circuit court has denied an application or has failed to afford the relief which the applicant requested, with the reasons given by the circuit court for its action.  Said motion shall also show the reasons for the relief requested and the facts relied upon; and if the facts are subject to dispute, the motion shall be supported by affidavit or other sworn statements or copies thereof.  With the motion shall be filed such parts of the record as are relevant.  Reasonable notice of the motion shall be given to all parties.  The motion shall be filed with the clerk of the Supreme Court and normally will be considered by all members of the court, but in exceptional cases where such a procedure would be impracticable due to the requirements of time, the application may be made to and considered by a single justice of the court.

Notably absent in the text of this rule is the phrase "motion for special relief." The terminology "special relief" appears only in the title, which is not part of the rule.  SDCL 2-14-9 ("[T]itles . . . constitute no part of any statute.").  The rule itself limits the relief available to that "provided in §§ 15-26A-25 to 15-26A-38, inclusive[.]"  These provisions relate to stays pending appeal.  Thus, Healy makes appropriate use of SDCL 15-26A-39 here.  We emphasize, however, the limits of the relief available under the rule and that the title's somewhat vague reference to "special relief" is not an additional basis for any appellate relief beyond that "in §§ 15-26A-25 to 15-26A-38, inclusive[.]" SDCL 15-26A-39.

second notice of appeal pertaining to the circuit court's final judgment adjudicating all claims.

[¶5.] Following consideration of Osborne's and Healy's motions, this Court granted Osborne's motion to dismiss Healy's first appeal of the summary judgment because it was not final. *See Brasel v. City of Pierre*, 87 S.D. 561, 565, 211 N.W.2d 846, 848 (1973) (dismissing appeals of partial summary judgments because, absent a Rule 54(b) certification, "a judgment adjudicating fewer than all the claims, rights and liabilities of fewer than all the parties [including cross-claims] . . . is not a final judgment" that may be appealed as a matter of right). We also granted Healy's motion for special relief and stayed execution of the circuit court's judgment relating to the lis pendens. We now issue our opinion to explain the reasons for granting the stay.

**Analysis**

[¶6.] Absent a showing of good cause, the circuit court's final judgment ordering release of the lis pendens was automatically stayed for thirty days. *See* SDCL 15-6-62(a) ("Except as stated herein[2] or as otherwise ordered by the court for good cause shown . . . no execution shall issue upon a judgment *nor shall proceedings be taken for its enforcement* until the expiration of thirty days after its entry." (emphasis added)). Within that thirty-day automatic-stay period, Healy filed a motion under the appellate rules for the circuit court to stay execution of that

---

2. The exceptions largely relate to injunctions. *See* SDCL 15-6-62(a), (c).

part of its judgment ordering release of the lis pendens. The motion was filed in circuit court pursuant to SDCL 15-26A-25 and our rules accompanying it.

[¶7.] SDCL 15-26A-25 and the additional appellate rules applicable in this matter "are rules promulgated by this Court[.]" *Landstrom v. Shaver*, 1996 S.D. 49, ¶ 10, 550 N.W.2d 699, 703 (quoting *Sander v. Geib, Elston, Frost Prof. Ass'n*, 506 N.W.2d 107, 121 (S.D. 1993)). "We are . . . uniquely situated to determine the intent and application of our own rules." *Id.* In interpreting the rules on supersedeas bonds in *Landstrom*, we found it helpful to look to the original Supreme Court Rule 79-1 as the source of those rules. 1996 S.D. 49, ¶ 10 n.5, 550 N.W.2d at 703 n.5. In a similar exercise here, we note that SDCL 15-26A-25 through SDCL 15-26A-39, inclusive, were enacted as a series of rules under the title "Rule 8 Stay of Execution Pending Appeal." It is apparent from reviewing that series of rules, that the provisions now codified from SDCL 15-26A-25 through -39 were intended to work *together* in the granting of stays pending appeal. Though modifications have been made to some of those provisions over time, we still believe this to be the case and find that point helpful in interpreting and applying the rules here.

[¶8.] To obtain a stay under SDCL 15-26A-25, the movant must generally provide a supersedeas bond, but alternatives are also contemplated depending on the nature of the judgment. *Id.* ("An appeal from a judgment or order shall not stay enforcement of proceedings in the circuit court except as provided in § 15-6-62 unless the appellant executes a supersedeas bond in the amount and form approved by the circuit court *or otherwise complies with the provisions of this rule.*" (emphasis added)). Healy apparently sought a stay of the release of the lis pendens in circuit

court under this emphasized language because his motion for a stay included an executed "Discharge and Release of Lis Pendens." *See* SDCL 15-26A-29. ("If the appeal is from a judgment directing the execution of a conveyance *or other instrument*,[3] its execution shall not be stayed by the appeal unless the instrument shall be properly executed and deposited with the clerk of the circuit court to abide the judgment of the Supreme Court." (emphasis added)).

[¶9.]        Although Healy complied with the requirements for a stay under SDCL 15-26A-25, *et seq.*, Osborne resisted the stay. Osborne contended: no hearing was noticed; the lis pendens should never have been filed; and Healy had a pending appeal before this Court. The circuit court denied the stay by email, ruling that the "lis pendens was not appropriate in the first place" and that the court lost jurisdiction to grant a stay as a result of the first appeal to this Court. Healy then appealed that decision by filing his motion for special relief with this Court.

[¶10.]       We first note that the circuit court should have granted Healy's motion for a stay. Healy sought only to stay that part of the circuit court's final judgment ordering release of the lis pendens. No payment of "a sum of money" was involved. *Cf. Landstrom*, 1996 S.D. 49, ¶ 10, 550 N.W.2d at 703 (discussing requirements for a stay pending appeal of a judgment directing payment of "a sum of money"). The circuit court's discretion to grant a stay in this type of case is narrow. *See id.* n.5 (discussing requirements for a stay pending appeal of a judgment directing actions other than payment of a sum of money). A monetary bond is not required. *Id.* All

---

3.    The provisions of the circuit court's final judgment ordering release of the lis pendens required the filing of the documents necessary for the release.

that is required in cases of judgments directing "the delivery or execution of documents" is compliance with the applicable provisions of "SDCL 15-26A-27, 15-26A-29, 15-26A-38." *Id.* And the applicable rule here, SDCL 15-26A-29, only requires execution and deposit of the instrument with "the clerk of the circuit court[.]" Healy executed a signed, dated, and notarized "Discharge and Release of Lis Pendens" and filed it with the clerk of court along with his motion for a stay. Healy met the requirements for a stay.

[¶11.] We also note that the circuit court's reliance on the "propriety" of the initial filing of the lis pendens was misplaced. As set forth above, the granting of a stay in this situation is largely automatic. Moreover, "the privilege of suspending the execution of [a] judgment *is that of the party entitled to appeal.*" *Aune v. B-Y Water Dist.*, 505 N.W.2d 761, 763 (S.D. 1993) (quoting *Wentzel v. Huebner*, 78 S.D. 471, 474, 104 N.W.2d 476, 477 (1960)). The purpose of the stay on appeal provisions is "to preserve the status quo and the ability of the judgment holder to execute on the judgment if it is affirmed[.]" *Landstrom*, 1996 S.D. 49, ¶ 14 n.7, 550 N.W.2d at 704 n.7. That purpose was fulfilled here by Healy's filing of the executed discharge and release of lis pendens as provided for by SDCL 15-26A-29.

[¶12.] We finally note that the circuit court erred in concluding it had lost jurisdiction to issue a stay as a result of Healy's appeal. This Court has not squarely addressed the question whether an invalid appeal from an earlier non-final judgment, such as the summary judgment here, divests the circuit court of jurisdiction over subsequent matters in the same case. A good analysis of the issue appears in *Estate of Beavers v. Knapp*, 889 N.E.2d 181, 206 (Ohio Ct. App. 2008):

> Appellants' filing of their first notice of appeal, prior to the trial court's issuance of a final, appealable order, was premature, and this court lacked jurisdiction to consider appellants' first appeal. "A premature notice of appeal does not divest the trial court of jurisdiction to proceed because the appeal has not yet been perfected." *State ex rel. Everhart v. McIntosh*, 874 N.E. 2d 516, 519 (Ohio 2007).

*See also Musick v. Woznicki*, 136 P.3d 244, 246 (Colo. 2006) ( "[A] trial court is not divested of jurisdiction when a party files a premature notice of appeal of a nonfinal judgment."); *Reynolds v. Reynolds*, 109 S.W.3d 258, 269 (Mo. Ct. App. 2003) ("Where the appeal is premature because it is from a non-final, and, thus, nonappealable, judgment, the trial court retains jurisdiction over the case."); *Patton v. Patton*, 340 P.3d 1242, 1250 (Mont. 2015) (holding that a trial court was "not deprived of jurisdiction to enter" an order on a subsequent motion "by the premature filing of a notice of appeal" (quoting M.R. App. P. 4(5)(a)(iv)(E)). We hold that the premature appeal of Osborne's non-final summary judgment did not divest the circuit court of jurisdiction to rule on Healy's motion for a stay.

[¶13.]     For the foregoing reasons, this Court issued its order of February 9, 2018. We dismissed Healy's first appeal from a non-final judgment and granted his motion for special relief staying execution of the circuit court's judgment as to the lis pendens.

[¶14.]     GILBERTSON, Chief Justice, and SEVERSON and KERN, Justices concur.

[¶15.]     JENSEN, Justice, disqualified, did not participate.