(72 N. W. Rep. 1084.)

---

SCOTTISH AMERICAN MORTGAGE COMPANY *vs.* BUDD REEVE AND HARRIET E. REEVE.

Opinion filed Nov. 8th, 1897.

### Appeal from Default Judgment—Defective Complaint.

On appeal from a default judgment, the judgment will be reversed, if the complaint does not state facts sufficient to constitute a cause of action; but the appellant must make out a clear case, to secure a reversal.

### Complaint Sufficient.

Complaint examined, and *held* sufficient as against such an attack.

### Proper Relief.

*Held*, also, that the relief granted by the judgment was such relief as the defendants were bound to know, under the law, might be granted in the action upon the complaint served.

Appeal from District Court, Traill County; *Pollock*, J.

Action by the Scottish American Mortgage Company against Harriet E. Reeve and another.   Judgment for plaintiff.   Defendants appeal.

Affirmed.

*Benton & Bradley*, for appellants.
*Newman, Spalding & Phelps*, for respondent.

Corliss, C. J.   The appeal is from a judgment rendered on default.   The action is for the foreclosure of a real estate mortgage.   It is urged that the complaint does not state facts sufficient to constitute a cause of action.   That an appeal will lie from a default judgment is settled by our statute.   Rev. Codes, § 5605.   If the complaint is insufficient, the judgment must be reversed.   All that a defendant admits by his default are the facts which are alleged in the complaint.   At common law he could move in arrest of judgment when no cause of action was stated.   In this jurisdiction he can accomplish the same result by appeal.   We are to test the complaint on this appeal as we would on demurrer; not examining it, however, so critically as we would if the attack had been promptly made by demurring to the sufficiency of the allegations thereof.   That a default judgment must be reversed when the complaint is deficient in substance is well settled. Elliott, App. Proc. § 475; *Old* v. *Mohler*, 122 Ind. 594, 23 N. E. Rep. 967; *Abbe* v. *Marr*, 14 Cal. 210; Bliss, Code Pl. § 438; Gould, Pl. 471.   But we do not think that the practice should be encouraged.   An appeal from a default judgment may be taken at any time within one year.   In this way the defendant can secure a large extension of time in which to attack the complaint for insufficiency.   The law contemplates that this should be done before final judgment, so that all defects therein may be remedied. And while it is true that a defendant may assail the sufficiency of the complaint by an appeal from a default judgment, on the theory that he has only made default as to facts which do not state a cause of action, yet he will be held to the necessity of

making out a very clear case of insufficiency, where he adopts this course, and not that of demurring or raising the question on the trial.

The mortgage is not set forth in *hæc verba* in the complaint, nor is a copy thereof attached. Whether it could have been made a part of the pleading by annexing a copy, we need not here decide. Section 5286, Rev. Codes, relates exclusively to instruments "for the payment of money only." Has the plaintiff set forth the mortgage according to its legal effect? We think that it has, although the allegation is very imperfect. It is as follows: "That at the same time and place said defendants executed and delivered to this plaintiff, as security for the payment of the above described notes, as the same should become due, their mortgage deed of and upon the following described real estate." This averment contains an element which, in our judgment, answers another point made by counsel for the defendants. It is said that the complaint shows upon its face that the action was brought for the foreclosure of interest due, long before the principal debt had matured. The allegation, "as security for the payment of the above notes" (those which are claimed by defendants' counsel to be the interest notes), "as the same shall become due," shows sufficiently, for the purpose of sustaining the complaint as against the attack made upon it in this way, that even assuming that these notes are interest notes, yet the mortgage was to be enforced as to such notes in case of default in their payment. But the complaint does not state that these notes are interest notes. So far as appears from its face, they represent a part of the principal indebtedness.

The remaining question is whether the relief granted was greater than that prayed for. We think not. The court, under the provisions of sections 5877, 5879, 5800, Rev. Codes, ordered a sale of the entire property, and directed that the proceeds be applied to the payment of that portion of the indebtedness which was not due, as well as that which was due. The prayer for general relief at the end of the complaint is broad enough to warrant the judgment

given, in view of the fact that a plaintiff can never know when he commences his suit just what course the court will pursue with respect to the matter of the sale of the land as an entirety. His prayer cannot determine that question. The court will not order the land sold in one body merely because he so desires, but to further the interests of all parties concerned. Every defendant in a foreclosure action knows, whatever the prayer for relief may be, that the court, without reference thereto, will determine whether there ought not to be a sale of the whole security in one body, and the application of the proceeds of such sale to the extinguishment of the entire debt—that which is not, as well as that which is, due. He can never be surprised by a judgment in an action to foreclose for an installment which orders a sale of all of the property, and the payment of the entire debt out of the proceeds of such sale. The judgment has behind it a sufficient complaint, and the relief granted is not greater than that prayed for; and, moreover, it is just the relief that defendants were bound to anticipate might be granted under the complaint, had there been no general prayer for relief at all. The judgment is therefore affirmed. All concur.