FURMAN, Respondent, v. ANDERSON, Appellant.

(249 N. W. 626.)

(File No. 7437. Opinion filed July 18, 1933.)

*Lars A. Bruce,* of Yankton, for Appellant.

*M. Q. Sharpe* and *L. A. Bridgman,* both of Kennebec, for Respondent.

POLLEY, J. This is an appeal from an order setting aside a foreclosure sale of real estate. The foreclosure was by action. There was some seven or eight hundred acres of land sold and consisted of a dozen or more governmental subdivisions. Notice had been given of the time and place where the sale would be held, and Mr. L. A. Bridgman, an attorney at law, attended the sale in the interest of the mortgagee. The land involved constituted a farm or ranch on White river. It was a compact contiguous tract and was used as a single farm or ranch. On the farm was an especially fine set of farm buildings consisting of two good dwelling houses, large barn, cattle sheds, hog houses, chicken houses, etc., of the value of more than $10,000. The judgment, pursuant to which the sale was made, amounted to some $14,000. Bridgman's purpose in attending the sale was to bid the property in for the mortgagee. On arriving at the place of the sale he informed the deputy sheriff, who was to make the sale, that he wished to have the property sold en masse in order that the farm might be kept intact. The deputy sheriff informed Mr. Bridgman that the land could not be sold en masse, but that it had to be offered in separate lots according to government survey. Mr. Bridgman then proceeded to ascertain upon which of said government subdivisions the farm buildings were situated. He made inquiry of the county treasurer as to the location of said improvements, who, upon informing Bridgman that he did not know where the said improvements were located, referred Bridgman to the county auditor. Upon making inquiry of the county auditor, he was referred by that official to the assessor's returns. The assessment records indicated that all the farm buildings and improvements were located upon and assessed against lots 1, 2, 3, and 4 of section 7, and that such structures were assessed at $3,000; such records also indicated that no structures or improvements of any kind were assessed against any other lot or subdivision of the entire farm. Upon

inquiry he was informed by the said county auditor that to the best of his knowledge the said assessor's records were correct and that said improvements were located upon the said lots 1, 2, 3, and 4. This information was further confirmed by inquiry of other county officials. The said deputy sheriff proceeded to offer said farm by governmental subdivisions, but received no bids until he reached the S. W. ¼ of the S. E. ¼ of said section 7. When this forty-acre lot was offered, Mr. F. A. Anderson, father of the defendant, who attended said sale in the interest of the defendant, made a bid of $800, whereupon Mr. Bridgman raised the bid to $1,000. There were no further bids, and said forty was knocked off to the plaintiff for the sum of $1,000. All of the remainder of said farm was then offered in separate lots but no further bids were made. The deputy sheriff then offered the entire tract, with the exception of the above-mentioned forty acres, en masse, whereupon Mr. Bridgman made a bid of $12,000, and, no other bids being received, said land was knocked off to him. Lots 1, 2, 3, and 4 were included in this last bid, and in making such bid Bridgman believed he was buying the land upon which the improvements were situated. He learned soon after, however, that none of the buildings were on this land, and that there were no buildings or improvements of any kind on lots 1, 2, 3, and 4, or either of them, but that all of the said buildings and improvements were situated upon the said S. W. ¼ S. E. ¼ of said section 7, a distance of nearly half a mile from the nearest part of either of said lots 1, 2, 3, and 4. The result of the sale was that Bridgman had bid in the land upon which all of the improvements were situated for $1,000, and had bid in all of the remaining part of the farm (none of which appears to have any special value), for the sum of $12,000. This gave the defendant the right to redeem the land on which all of the improvements were situated for $1,000. Upon making this discovery, plaintiff applied for and procured an order to show cause why the court should not set aside the sale and permit the said farm to be resold, because of the mistake of fact made by Bridgman as to the location of the farm buildings. Upon the issuance of this order to show cause, defendant moved the court to quash the said application to set aside the said sale. Upon a hearing of the motion to quash, the court made and entered an order denying the said motion. On the same day the court made

and entered an order setting aside the said sale, and ordered the sheriff to return the execution, pursuant to which said sale had been made unsatisfied. In this same order the court also directed that the judgment under which the said sale had been made "be amended to show that the court finds all of said mortgaged premises are a single, compact, contiguous farm, ranch, tract or parcel of land which cannot be divided into separate tracts or lots without materially reducing its usefulness and value, and that no part of said real estate less than the whole has any generally known reputation in the neighborhood or county as a separate distinct farm, tract, lot or parcel of land, and ordering the said sheriff to sell all of said premises en masse as one distinct farm, ranch, tract or parcel of land."

It was further ordered that an alias execution issue, and that the mortgaged premises be resold. This order is dated April 11, 1932. On the 18th day of the same month the court made and entered an amended judgment in the case. This judgment was not materially different from the original judgment, except that it specifically recited that the entire premises described in the mortgage constituted but a "single, compact, contiguous farm, ranch, tract or parcel of land which cannot be divided into separate tracts or lots without materially reducing the value' of said premises.

On the 27th day of the following month the defendant served and filed the following notice of appeal:

"That the defendant, Melvin A. Anderson, feeling aggrieved thereby, hereby appeals to the Supreme Court of the State of South Dakota, from the Order dated March 31st, 1932, of the above named court denying this defendant's motion to quash plaintiff's application to set aside real estate sale, in the above entitled matter, which order was duly filed and served on or about the 14th day of May, 1932, also from the Order of the above named court, in the above entitled action wherein said court set aside and vacated a sale of real property and ordered a re-sale thereof, and also ordered the amendment of the judgment previously entered by said court herein, which Order is dated as of April 11th, 1932, and filed and served on or about the 23rd day of April, 1932, and from each and every part of the said above named orders, also from the Amended Judgment dated April 18th, 1932, and filed and served on or about the 23rd day of April, 1932, and from all thereof, and

particularly from that part, wherein the above named court authorized and directed the sheriff in and for Mellette County to sell the premises described in the original judgment herein, 'en masse at said sale as one distinct farm, ranch, tract or parcel of land.' "

This notice of appeal attempts to appeal from the order denying defendant's motion to quash plaintiff's order to show cause, the order setting aside the sale of the mortgaged property, and the amended judgment. Briefs on the appeal were filed and oral argument was submitted to the court. After this argument had been submitted, respondent moved the court to dismiss the appeal attempted to be taken by the service of the above set out notice of appeal on the ground that said appeal is duplicitous because it attempts to appeal from three separate and distinct orders or judgments. Appellant objects to the consideration of this motion by the court at this time because said motion is not timely made. This objection is not well taken because "a valid notice of appeal within the time prescribed by law is essential to give this court jurisdiction of the subject-matter" (Grieves v. Danaher, 60 S. D. 120, 243 N. W. 916, 918), and, being a jurisdictional question, it may be raised at any stage of the proceeding by either party or by the court upon its own motion, if not raised by either of the parties. The matter of duplicitous appeals has been before this court twice recently. Morrison & Skaug v. Connery, 54 S. D. 329, 223 N. W. 210, and Grieves v. Danaher, supra. In the Morrison Case the notice of appeal that was under consideration reads as follows:

"Please take notice: That the above named defendant and appellant feeling aggrieved thereby, hereby appeals to the Supreme Court of the State of South Dakota from the judgment rendered and entered in the above entitled action in the above named Court, dated August 10th, 1928, and filed August 25th, 1928, and from the order of said Court dated August 10th, 1928, filed August 25th, 1928, striking defendant's demurrer as frivolous and granting judgment in favor of the plaintiffs; and from the order of this Court dated September 28th, 1928, filed October 5th, 1928, refusing to vacate the said judgment and relieve defendant from her default and permit her to file answer, and from the ruling of said Court dated August 28th, 1928, denying defendant's application for an Order to Show Cause and from the Order Denying Defendant's

Motion for New Trial dated October 23rd, 1928, and defendant appeals from the whole of each thereof."

This notice purports to constitute an appeal from a judgment and from three formal orders of the court and from one (apparently oral) ruling made by the court. It has long been established by this court that a judgment and order allowing or denying a new trial may be reviewed on the same appeal, but we held that the questions raised by the remaining two orders and the ruling were reviewable on the appeal from the judgment and order denying a new trial, and constituted surplusage which might be disregarded, and that the appeal was not duplicitous.

The notice of appeal involved in the Grieves Case attempted to appeal from an order granting a temporary injunction and from an order overruling a demurrer to the complaint. These orders are both appealable, and, in determining whether the appeal was duplicitous, we said: "* * * If the same question is presented to the appellate court for review by appeal from either of two orders joined in one notice of appeal, the appeal will not be bad for duplicity. City of Sioux Falls v. Mansors (1918) 41 S. D. 105, 168 N. W. 751. And, where one of the orders sought to be appealed from in the single notice can be reviewed on appeal from the other, or is for any reason unappealable, the portion of the notice purporting to appeal therefrom will be treated as surplusage, and the notice will be held to constitute a good appeal as to the other order or judgment."

██ ██ In this case the notice of appeal first attempts to appeal from the order denying appellant's motion to quash plaintiff's application to set aside the sale. It next attempts to appeal from the order granting the application to set aside the sale. Both of these orders involve, and depend upon, exactly the same facts and circumstances; therefore the attempted appeal from the order denying the motion to quash may be considered as surplusage. The notice of appeal next attempts to appeal from the amended judgment. This is a final judgment, and is appealable beyond any doubt, but the question for review is the same as that on the appeal from the order setting aside the sale. The only question involved on either of these appeals is whether the plaintiff had a right to have the sale of the mortgage premises set aside and a resale made. This question can be reviewed on the appeal from the amended

judgment and the attempted appeal from the order denying the motion to quash, and the appeal from the order setting aside the sale may be treated as mere surplusage. This renders it unnecessary to determine whether either of the first two orders is appealable. The appeal is not duplicitous, and will be considered on the merits.

■ Appellant contends that under the law providing for sales of mortgaged real estate he had an absolute right to have each governmental subdivision of the land sold separately; while respondent contends that the entire farm constitutes but a single tract or parcel of land, and should be sold enmasse under a single bid.

The statute (section 2898, as amended by chapter 178, Laws 1929) which provides for sales in case of foreclosure by action reads as follows: "Whenever an action shall be brought for the foreclosure or satisfaction of a mortgage, the court shall have power to render a judgment against the mortgagor for the amount of the mortgage debt due at the time of the rendition of such judgment, and the costs of the action, and to order and decree a sale of the mortgaged premises, or such part thereof as may be sufficient to pay the amount adjudged to be due, and costs of sale, and shall have power to direct in what parcels the premises shall be offered, and the order in which they shall be offered and to further direct that if there be no bid for any parcel or parcels offered such parcel or parcels may be sold with any other parcel not yet sold, in one parcel. * * *"

It will be noted that under this statute the court is given power "to direct in what parcels the premises shall be offered, and the order in which they shall be offered, and to further direct that if there be no bid for any parcel or parcels offered, such parcel or parcels may be sold with any other not yet sold, in one parcel." .

This statute places the manner in which the sale is to be made under the control of the court, and it was in the exercise of the power granted by this statute that the court entered the amended judgment in which it decreed that the mortgaged premises constituted but a "single, compact, contiguous farm, ranch, tract or parcel of land which cannot be divided into separate tracts or lots without materially reducing the value."

Our attention is directed to the cases of Scottish-American Mortgage Co. v. Reeve et al, 7 N. D. 99, 72 N. W. 1088; First

Nat. Bank v. Fair Ass'n, 2 S. D. 145, 48 N. W. 852; Fineup v. Kleinman, 42 S. D. 43, 172 N. W. 804. But none of these cases were decided under a statute like the one here under consideration and are not controlling.

Under the provisions of section 2898 as amended by chapter 178, Laws 1929, we believe the court was authorized to direct the mortgaged premises to be sold as a single tract or parcel of land, as is done by the amended judgment.

The judgment appealed from is affirmed.

All the Judges concur.