## PERPETUAL NATIONAL LIFE INSURANCE CO., Respondent v. BROWN AND BOTTUM, Appellants

### (182 N.W.2d 216)

(Files Nos. 10637, 10751.  Opinion filed December 18, 1970)

Rehearing denied January 22, 1971.

**Bangs, McCullen, Butler, Foye & Simmons, Geo. A. Bangs,** Rapid City, for defendant and appellant Brown.

**Roswell Bottum,** Rapid City, for defendant and appellant Bottum.

**Whiting, Lynn, Jackson, Freiberg & Shultz, Gene N. Lebrun and Horace R. Jackson,** Rapid City, for plaintiff and respondent.

HANSON, Judge.

This is an action by Perpetual National Life Insurance Company to recover on a promissory note secured by a mortgage upon real property.  Defendants, Byron T. Brown and Joseph H. Bottum III, answered and alleged the note had

been completely extinguished, satisfied and paid by virtue of the prior foreclosure by action of the real estate mortgage securing the same. Following trial judgment was entered on June 28, 1968 in favor of plaintiff and against defendants jointly and severally in the total amount of $46,181.95. Defendant Bottum perfected a timely appeal from the judgment, but defendant Brown failed or neglected to do so. Later Brown moved to vacate the judgment under Rule 60 of RCP. This was denied and Brown has appealed from the order denying such motion.

The facts are not materially disputed. On June 24, 1964, Perpetual National Life Insurance Company made a loan of $35,000 to Swim, Inc., a corporation organized to construct and operate a swimming pool in the City of Custer. In consideration of its loan Perpetual received a promissory note from Swim, Inc., signed also by defendants Brown and Bottum personally. The note was secured by a real estate mortgage on certain lots in the City of Custer, South Dakota upon which a swimming pool was to be or was being constructed.

On December 9, 1964 Perpetual National commenced an action in the Circuit Court of Custer County against the mortgagor, Swim, Inc., and certain lienholders requesting judgment against the mortgagor in the amount of $35,000 plus interest; for the foreclosure and sale of the property; and for a determination of the inferiority of the liens. The lien claimants answered and counterclaimed, alleging priority over the mortgage. Subsequently other lien claimants, including the Custer Swimming Pool, Inc., as holder of a vendor's lien, were allowed to intervene. Brown and Bottum were not made parties to the foreclosure action and did not seek intervention.

During the trial of the foreclosure action the note and mortgage were identified as exhibits and admitted into evidence. Priority of the various mechanics liens was established by stipulation of counsel for Perpetual National. The priority of the vendor's lien was determined by the court after a hearing. The mortgage holder made no offer to establish the fair and reasonable value of the mortgaged pre-

mises or to otherwise comply with the provisions of SDCL 21-47-16.

The judgment entered in the Custer foreclosure action provided, substantially, as follows: (1) Each of the lienholders was granted judgment against the mortgagor, Swim, Inc., (2) all of the mechanics liens were of equal rank, (3) the mortgaged premises was ordered sold by the Sheriff of Custer County "to satisfy the amounts of the several liens", (4) the Sheriff was ordered to distribute the proceeds of the sale in the following order:

(1) Fees, disbursements and commissions of the Sheriff's sale.

(2) Amounts due mechanics lienholders.

(3) Amount of vendor's lien.

(4) Any balance remaining to be paid to Perpetual National Life Insurance Co. in the amount not to exceed $35,000 plus interest from and after June 24, 1964, and

(5) Any sum remaining after payment of the aforesaid to be paid to Swim, Inc.

Pursuant to this judgment the mortgaged property was advertised for sale by the Custer County Sheriff and sold on July 25, 1965 for the sum of $21,000 ostensibly to the Custer Swimming Pool, Inc. In applying the proceeds of sale as directed by the judgment the Sheriff paid the sum of $94.61 to Perpetual National for application on the mortgage obligation.

Sometime prior to the foreclosure sale Perpetual National advanced $21,000 to the holder of the vendor's lien, Custer Swimming Pool, Inc., which was used to make and satisfy the bid at the foreclosure sale. A certificate of sale was issued to Custer Swimming Pool, Inc., and later assigned to Perpetual National. Subsequently, Perpetual National received a Sheriff's Deed and eventually sold the swimming pool property to the City of Custer.

The present action to recover the full amount of the promissory note against Brown and Bottum was commenced by Perpetual National in the Circuit Court of Pennington County on December 1, 1965. The trial court concluded the prior foreclosure action did not extinguish defendants' obligations on the note and rendered judgment for Perpetual National for the full amount of the principal and interest due on the promissory note less the sum of $94.61 received from the proceeds of the Custer County foreclosure sale.

The basic issue on appeal is whether the following deficiency judgment act applies to, or affects, the present action to recover on the promissory note.

"21-47-15. **Purchase by mortgagee at sale— Fair and reasonable bid required.**—In any foreclosure of a mortgage upon real estate by action, the mortgagee, his assigns or their legal representives, may purchase the premises, or any part thereof, at such foreclosure sale, providing he bids fairly and in good faith, and bids the fair and reasonable value thereof.

"21-47-16. **Proof required of mortgagee bidding less than amount of debt—Court decree permitting bid—Execution for deficiency.**—If the holder of such mortgage is not willing at such sale to bid the full amount of the judgment debt, it shall be the duty of such mortgage holder to establish at the time of the trial by competent proof to the satisfaction of the court, the fair and reasonable value of the mortgaged premises, and the court shall determine the same in its decree; and if the court shall find such fair and reasonable value to be less than the sum due on said mortgage, with costs and expenses of sale, it may by such decree authorize such mortgage holder to bid not less than the fair and reasonable value as thus determined, and if a deficiency remains after the foreclosure sale, such mortgagee, or his assigns, shall be entitled to a general execution for such deficiency only upon application to the court in which the judgment was rendered.

"21-47-17. **Foreclosure as complete satisfaction of debt.**—Except as provided by § 21-47-16, the foreclosure by action of a mortgage upon real estate shall operate as a complete extinguishment, satisfaction and payment of the debt secured by such mortgage."

The legislative purpose in enacting the above act was "to Prevent Unjust Enrichment and Gain by the Holders of Real Estate Mortgages Through the Foreclosure Thereof by Action." See Chapter 146, S.L.1939. Other related remedial acts reflect a general legislative intent to establish a new standard of fairness in the mortgagor-mortgagee relationship in this state. In this regard, see SDCL 21-48-14 which restricts deficiency judgments in foreclosure by advertisement and SDCL 44-8-20 which forbids deficiency judgments on the foreclosure of purchase money mortgages.

In order to recover any deficiency in a foreclosure of a real estate mortgage by action the following procedure is mandatorily directed by SDCL 21-47-15, 21-47-16, and 21-47-17:

1. The mortgage holder must inform the court of his intention to claim a deficiency;

2. The court must determine the fair and reasonable value of the mortgaged premises;

3. The mortgage holder may bid not less than the fair and reasonable value of the mortgaged premises as determined by the court;

4. The allowable deficiency after a foreclosure sale cannot exceed the difference between the judgment debt and the fair and reasonable value of the mortgaged premises regardless of who bids in the property at the foreclosure sale or regardless of the actual sale price.

Contrary to Perpetual National's contention the foregoing provisions of our deficiency judgment act applied to

the foreclousre of its real estate mortgage in the Custer Circuit Court proceedings. Such action did not lose its identity and character merely because lien claimants were joined and allowed to intervene. This is not an unusual occurrence in actions to foreclose real estate mortgages. In such event, the court determines the validity, amount, and priority of the liens, mortgages, and taxes and directs payment of the proceeds of the foreclosure sale according to the priority of the various liens. This was the procedure followed in the Custer foreclosure proceedings and part of the proceeds from the sale of the mortgaged premises was applied to the reduction of the mortgage debt. If some of the liens had been inferior to Perpetual's mortgage or if a higher bid had been received at the foreclosure sale, a more substantial sum would have been applied to the reduction of the mortgage debt. Under the circumstances, the Custer Circuit Court proceedings constituted, or included, a foreclosure of the real estate mortgage by action.

Perpetual National elected to foreclose its real estate mortgage by action in the Circuit Court of Custer County and is bound by that election. Having failed to comply with the mandatory and exclusive provisions of SDCL 21-47-15, 21-47-16 and 21-47-17, the Custer foreclosure action operated as a complete extinguishment, satisfaction and payment of the debt secured by such mortgage. Janssen v. Tusha, 67 S.D. 597, 297 N.W. 119. Consequently, the Circuit Court of Pennington County erred in rendering the deficiency judgment against defendants Brown and Bottum on the promissory note which was secured by the foreclosure mortgage.

In view of our conclusion the procedural issue presented by defendant Brown is rendered moot. The proceedings appealed from are accordingly reversed with instructions to enter an order dismissing the action.

ROBERTS, P. J., and RENTTO and BIEGELMEIER, JJ., concur.

HOMEYER, J., dissents.

HOMEYER, Judge (dissenting).

I dissent. This action originated as an attempt to foreclose a real estate mortgage by action, SDCL 21-47, but in my opinion it was concluded as a foreclosure of mechanics liens under SDCL 44-9 and nothing else. SDCL 44-9-23 provides actions for foreclosure of mechanics liens are begun and conducted in the same manner as actions for the foreclosure of mortgages, except as otherwise provided in that chapter. SDCL 44-9-40 says judgment shall be given in favor of each lienholder for the amount demanded and proved by him and SDCL 44-9-44 sets forth the requirements of the judgment. It appears to me these statutes and procedures were followed.

The judgment in the case at bar gives judgment to four separate holders of mechanics liens for the amount of their respective claims and counsel fees, but in no manner does it purport to give judgment for the mortgage debt. It directs the sheriff to sell the real estate to which the liens are attached to satisfy the amounts of the four mechanics liens and costs "above specified" but it in no way indicates the sale is to be made to satisfy the mortgage debt. It is true the judgment directs application of surplus funds, if any, among subsequent lienholders including the mortgagee in a certain order of priority, but in my opinion this does not constitute a judgment of foreclosure of a mortgage.

SDCL 21-47-14 requires sales of the mortgaged premises "under an order and decree of foreclosure * * * shall be made upon like notice and in the same manner as provided by law for the sale of real property upon execution." SDCL 15-19-9 requires the notice to state "the amount of the judgment or other lien upon which sale is to be made".

The notice of sale in this case describes the judgment in favor of the four mechanics lienholders and the respective amounts of the judgments, but it does not mention any mortgage, or any mortgage judgment debt, which it could not, because there was no judgment for the mortgage debt.

In my opinion the mortgage of respondent was never foreclosed and consequently it was under no duty to comply with the provisions of SDCL 21-47-15 to 21-47-17 in order to preserve its right to recover the unpaid indebtedness.