The **FEDERAL LAND BANK OF OMAHA**, Plaintiff and Respondent,

v.

L. Melfred **CARLSON** and Kay E. Carlson, Defendants and Agnes M. Carlson, Defendant and Appellant.

No. 15450.

Supreme Court of South Dakota.

Argued March 23, 1987.

Decided Aug. 26, 1987.

Rehearing Granted Oct. 20, 1987.

Kenneth Heisterkamp, Rapid City, for plaintiff and respondent.

Keith R. Smit of Morman, Smit, Shepard, Hughes & Wolsky, Sturgis, for defendant and appellant.

MILLER, Justice (on reassignment).

This is an appeal from a summary judgment in a mortgage foreclosure action. We reverse.

Agnes M. Carlson (Agnes) sold her ranch to her son L. Melfred Carlson and his wife, Kay. She sold the property under contract for deed, for a price of $295,000. After the down payment was made, the balance due was $269,000 together with interest at the rate of six percent per annum. The first payment was due on March 15, 1982.

On March 4, 1982, Melfred and Kay Carlson (Melfred and Kay) mortgaged this property to the Federal Land Bank of Omaha (FLB) as security for a promissory note executed by them in the principal sum of $267,000. Agnes executed a subordination agreement dated February 18, 1982, which subordinated her interest as seller in the contract for deed to the mortgagee FLB.

The subordination agreement contained the following provision:

This Subordination is limited to the amount actually loaned by the Lender to the Borrower for the foregoing purpose, but shall not exceed Two Hundred Sixty-seven Thousand Dollars ($267,000.00).

Melfred and Kay defaulted on the mortgage and FLB commenced this foreclosure action.

FLB moved for and was granted summary judgment by the trial court. The summary judgment granted recovery to FLB against Melfred and Kay in the amount of $399,660.23; determined FLB's mortgage to be a valid first lien against the property subject to the right of Agnes to a life estate in and to the "family home"; held that Agnes' interest in the property as seller under the contract for deed is subject to and inferior to the lien of the bank to the extent of $267,000, the subordinated amount; granted a deficiency judgment against Melfred and Kay for the difference between the judgment amount and $267,-000; held that the FLB was entitled to bid the sum of $267,000 at the foreclosure sale; and, among other things, directed that the property be sold in one tract at public auction.

The summary judgment does not contain a determination of the value of the property, although findings of fact state that the fair market value is substantially less than the total incumbrances against it (see Findings VI and IX). In its memorandum decision, the trial court stated:

The reasonable value of the premises considering the equity of *Defendant* Agnes M. Carlson under the unsubrogated (sic) portion of her mortgage is not the appraised value, but rather the amount of subrogation (sic) i.e. $267,000. Therefore, it will be the decision of the Court that Plaintiff may bid the sum of $267,000 at foreclosure sale.

Agnes appeals from the granting of the summary judgment. Melfred and Kay have not appealed.

## ISSUES

The issues as framed by appellant are:

1. Did the court's summary judgment violate the terms and conditions of SDCL 21–47–15 which provides [for a fair and reasonable bid by mortgagee]?
2. Did the trial court violate the terms and conditions of SDCL 21–47–16 which provides [that the holder shall provide proof of the fair and reasonable value of the mortgaged premises if he is unwilling to bid the full amount of the judgment debt]?
3. Did the trial court abuse its discretion in determining that the property should be sold in one parcel or tract?

### DECISION

Issues 1 and 2 are so intertwined that they may be treated together. We have previously referred to SDCL 21–47–15, –16, and –17 as the "deficiency judgment statutes." *Miners & Merchants Bank v. Braden Forestry*, 374 N.W.2d 123 (S.D.1985); *Perpetual Nat'l. Life Ins. Co. v. Brown*, 85 S.D. 330, 182 N.W.2d 216 (1970). The legislative policy for the enactment of these statutes is indicated in the title of the bill: An Act to Prevent Unjust Enrichment and Gain by the Holders of Real Estate Mortgages Through the Foreclosure Thereof by Action. 1939 S.D.Sess.L. ch. 146.

SDCL 21–47–15 allows the mortgagee to purchase the property subject to the mortgage at the foreclosure sale provided "he bids fairly and in good faith ... and bids the fair and reasonable value thereof."

SDCL 21–47–16 provides:

If the holder of such mortgage is not willing at such sale to bid the full amount of the judgment debt, it shall be the duty of such mortgage holder to establish at the time of the trial by competent proof to the satisfaction of the court, the fair and reasonable value of the mortgaged premises, and the court shall determine the same in its decree; and if the court shall find such fair and reasonable value to be less than the sum due on said mortgage, with costs and expenses of sale, it may by such decree authorize such mortgage holder to bid not less than the fair and reasonable

value as thus determined, and if a deficiency remains after the foreclosure sale, such mortgagee, or his assigns, shall be entitled to a general execution for such deficiency only upon application to the court in which the judgment was rendered.

■ The import of these statutes goes deeper than the right to recover a deficiency judgment. A deficiency judgment is, naturally, the inevitable result of bidding less than the full amount of the judgment debt. The right of the mortgagee to bid at all is embodied in § 21–47–15 which requires submission of a bid at the fair and reasonable value, made in good faith. This requirement works to the protection of inferior lienholders as well as the mortgagors. Thus, Agnes had standing to raise this issue, even though Melfred and Kay did not appeal.

■ It is significant to note that § 21–47–16 imposes upon the mortgagee the *duty* to establish, at the time of trial, the fair and reasonable value of the mortgaged premises. In *American Fed. Sav. & Loan Ass'n, Etc. v. Kass*, 320 N.W.2d 800 (S.D. 1982), we equated the term "fair and reasonable value" with "market value" saying: " 'market value' is the highest price for which property considered at its best and most profitable use can be sold in the open market by a willing seller to a willing buyer, neither acting under compulsion and both exercising reasonable judgment." 320 N.W.2d at 802 (citations omitted). We further held that "any relevant and material evidence, if competent under general rules of evidence, is admissible to prove market value" in a foreclosure and deficiency judgment action. *Id.*

Here, the only determination made by the trial court of fair and reasonable value was in its memorandum decision, which of course is not and cannot be appealed. The only testimony of value of the property was an appraisal of $484,000, which seems to have been totally ignored by the trial court. The $267,000 subordinated amount determined by the trial court (although omitted from its findings of fact) does not

meet any of the criteria that have been developed by this court to determine fair and reasonable value. In fact, it appears that there was a total disregard of that statutory requirement. Apparently, the trial court became involved in an exercise of marshalling assets and overlooked the basic question of full and true value, regardless of the liens.

As stated earlier, the only evidence in the record regarding value is that of an appraisal at $484,000. The trial court did not have to accept that figure. Under the record there is an obvious genuine issue of material fact which precludes summary judgment, namely, the reasonable value of the property. The trial court, rather than adopting any figure, made a calculation of its own, which exercise is a finding of fact and does not belong in a summary judgment action.

Agnes argues that by allowing the summary judgment to stand we allow FLB, in essence, to disenfranchise her of a portion of the balance due on her contract. She argues in her brief that this amount is $76,000, being the difference between her balance due and the subordinated amount. Because this case is remanded to the trial court we need not address that issue.

 Agnes also claims that the court abused its discretion in ordering the ranch to be sold as a single tract. The trial court concluded the ranch was one distinct, compact, and contiguous farm, ranch or tract which should be sold in one unit. The ranch consists of approximately 4,000 acres located in Harding County, South Dakota, and consists of a balance between crop land, pasture land, and improved pasture land, together with improvements thereon. The property has been utilized as a distinct, compact and contiguous farm or ranch.

SDCL 21–47–13 gives the court the power and discretion to determine the manner of sale of mortgaged property. We conclude that the trial court did not abuse its discretion and properly directed that the mortgaged premises here be sold as a single tract or parcel of land. *Furman v.*

*Anderson,* 61 S.D. 378, 249 N.W. 626 (1933).

The summary judgment is reversed.

MORGAN, J., and GERKEN, Circuit Judge, concur.

WUEST, C.J., and SABERS, J., concur in part and dissent in part.

GERKEN, Circuit Judge, sitting for HENDERSON, J., disqualified.

WUEST, Chief Justice (concurring in part and dissenting in part).

I would affirm.

Agnes M. Carlson, mother, sold her ranch to her son, L. Melford Carlson and his wife. The property was sold under a contract for deed for a price of $295,000.00. After the down payment was made, the balance due mother was $269,000.00 with interest at the rate of six percent per annum. Thereafter, the son and his wife mortgaged the property to the Federal Land Bank of Omaha. The mortgage was given to secure a promissory note of even date executed by the son and his wife in the principal sum of $267,000.00 with interest. The mother executed a subordination agreement which subordinated her interest as seller in the Contract for Deed to the mortgage held by the Federal Land Bank of Omaha. She never signed the note or mortgage nor did she transfer fee title to the son. The only interest he and his wife had to mortgage was his equitable interest acquired by the contract for deed. The subordination agreement contained the following provision:

This subordination is limited to the amount actually loaned by the lender to the borrower for the foregoing purposes, but shall not exceed Two Hundred Sixty-Seven Thousand Dollars ($267,000.00).

When son defaulted on the mortgage, the Federal Land Bank foreclosed. When Judgment was entered, the mortgage balance was $385,502.00 with interest accrued through May 21, 1986. The amount due to the mother on her Contract for Deed, with interest, was $343,000.00.

SDCL 21–47–15 provides:

In any foreclosure of a mortgage upon real estate by action, the mortgagee, his assigns, or their legal representatives, may purchase the premises, or any part thereof, at such foreclosure sale, providing he bid fairly and in good faith, and bids the fair and reasonable value thereof.

SDCL 21–47–16 provides:

If the holder of such mortgage is not willing at such sale to bid the full amount of the judgment debt, it shall be the duty of such mortgage holder to establish at the time of the trial by competent and reasonable value of the mortgaged premises, and the count shall determine the same in its decree; and if the court shall find such fair and reasonable value to be less than the sum due on said mortgage, with costs and expenses of sale, it may by such decree authorize such mortgage holder to bid not less than the fair and reasonable value as thus determined, and if a deficiency remains after the foreclosure sale, such mortgagee, or his assigns, shall be entitled to a general execution for such deficiency only upon application to the court in which the judgment was rendered.

The court permitted the Federal Land Bank to bid the amount of the subordination, i.e., $267,000.00. The court gave the following reasoning in its memorandum opinion which was adopted as a part of the decision.

The reasonable value of the premises considering the equity of *Defendant,* Agnes M. Carlson, under the unsubrogated portion of her mortgage is not the appraised value, but rather the amount of subrogation, i.e., $267,000.00. Therefore, it will be the decision of the Court that Plaintiff may bid the sum of $267,-000.00 at foreclosure sale. Of course, Defendant Agnes M. Carlson may raise said bid but $267,000.00 of the amount bid shall inure to the benefit of Plaintiff. Defendant Agnes Carlson could also make redemption or convey her redemptory right after sale during the statutory redemptory period.

In the past we have referred to SDCL 21–47–15, 21–47–16, and 21–47–17, as the deficiency judgment act, and their legislative purpose is "to prevent unjust enrichment and gain by holders of Real Estate Mortgages through the foreclosure thereby by action." *See* Chapter 146, S.L.1939; *Miners & Merchants Bank v. Braden Forestry,* 374 N.W.2d 123 (S.D.1985); *Perpetual National Life Insurance Co. v. Brown,* 182 N.W.2d 216 (S.D.1971).

When the court entered its judgment holding the Federal Land Bank could bid the amount of the subordinated ($267,-000.00), it further provided the Federal Land Bank could recover a deficiency against the son and his wife. A deficiency judgment is an imposition of personal liabilities upon a mortgagor for an unpaid balance of a secured obligation after foreclosure of the mortgage has failed to yield the full amount of the debt. *Miners & Merchants Bank, supra.* The mortgagors, son and wife, never appealed the decision of the trial court. Since the son and his wife never appealed, we do not review their rights in the case. Mother, however, claims the court violated the provisions of SDCL 21–47–15 and 21–47–16 by finding the fair and reasonable value of the premises to be $267,000.00, the subrogated maximum which affect her rights.

At the time of judgment, the son owed the Land Bank $385,502.00, and under the provisions of the subordination agreement the bank is entitled to the first $267,000.00 from the sale of the property. The mother is entitled to the next $343,000.00 for the balance due on her contract with accrued interest. After the mother is paid, the Federal Bank is entitled to the balance due on the mortgage, which, after deducting the $267,000.00 subordination by the mother, amounts to $118,502.00. Anything left would go to the son and wife as mortgagors. The property, however, was appraised by the Carlsons' appraiser at $484,-000.00, and the court found the property was worth less than the total encumbrances.

The court in this case found the fair and reasonable value of the premises was

$267,000.00 (the subrogated amount) since the mother owned the fee of the property pursuant to her Contract for Deed and a life estate reserved in the "family" home. I believe the court's finding was not clearly erroneous considering the fee title of the mother in the property and the Carlson's own appraisal. The only estate the Federal Land Bank had to sell was the subordinated $267,000.00 interest. There was no value left after deducting the subordinated sum of $267,000.00 and the sum of $343,-000.00 owed the mother. All the son and his wife owned and could mortgage was the equitable interest they acquired from the mother pursuant to the Contract for Deed. This equitable interest upon default was subject to strict foreclosure of a real estate contract under the provisions of SDCL ch. 21–50.

I concur with the majority opinion the trial court did not abuse its discretion in ordering the ranch sold as a single tract.

SABERS, Justice (concurring in part and dissenting in part).

The trial court was correct in determining that the mortgaged premises should be sold in a single tract or unit under SDCL 21–47–13. However, the mortgage holder is not entitled to a deficiency judgment under SDCL 21–47–16 unless the court finds the fair and reasonable value of the premises is less than the sum due on the mortgage.

The only evidence of value in this record is an appraisal by Carlson's appraiser at $484,000. By bidding less than that sum without compliance with SDCL 21–47–16, the mortgage holder destroyed its right to a deficiency judgment against Melford and Kay Carlson. As between the mortgage holder, FLB, and the subordinated contract for deed seller, Agnes, the mortgage holder was entitled to bid whatever it pleased without jeopardizing its *prior* secured position. Agnes was equally free to bid whatever she pleased.

Although the deficiency judgment was clear error, Melford and Kay Carlson have no right to challenge it here because they did not appeal. Likewise, Agnes has no standing to challenge the deficiency judgment against Melford and Kay Carlson. Although she has standing to challenge the court's judgment with respect to her, it should be useless to do so in view of her failure to bid on the property at the sale or redeem it from the sale.

The majority opinion holds that the requirement to bid fair and reasonable value "works to the protection of inferior lienholders as well as mortgagors." No authority is cited for this statement. This is simply incredible in view of the fact that the inferior lienholder subordinated her position to FLB and not *vice versa.* The majority opinion is reversing the intended and obvious purpose and effect of the subordination agreement.

If the majority holding is extended to its logical conclusion, it would provide unprecedented protection to all inferior lienholders, including all judgment creditors, mechanic and materialman lienholders, and other subsequent lienholders. These statutes were never intended to do that.

SDCL 21–47–15 and –16 are designed to prevent a mortgage holder (or an inferior lienholder) from obtaining a deficiency judgment against the debtor without regard to the fair value of the mortgaged property. *Miners & Merchants Bank v. Braden Forestry Services, Inc.,* 374 N.W.2d 123 (S.D.1985). These statutes should likewise prevent a noncomplying mortgage holder from obtaining a deficiency judgment against an inferior lienholder who has also signed on the mortgage debt.

However, these statutes should not be extended to protect the inferior lienholder against herself when no one is even attempting to get a deficiency judgment against her. If she thinks the property has a fair and reasonable value above the bid of $267,000, she must bid it or redeem it. *Miners, supra.*