The FEDERAL LAND BANK OF OMAHA, Plaintiff and Appellee,

v.

L. Melfred CARLSON and Kay E. Carlson, Defendants,

and

Agnes M. Carlson, Defendant and Appellant.

No. 15450.

Supreme Court of South Dakota.

Argued on Rehearing Jan. 12, 1988.

Decided April 13, 1988.

Kenneth L. Heisterkamp of Costello, Porter, Hill, Heisterkamp & Bushnell, Rapid City, for plaintiff and appellee.

Keith R. Smit of Morman, Smit, Shepard & Hughes, Sturgis, for defendant and appellant.

MILLER, Justice.

This case is before us on rehearing. For a recitation of the facts see our former holding at 411 N.W.2d 415 (S.D.1987). After granting rehearing we received additional briefs and heard oral argument. Based on all the authority previously cited, we continue to be persuaded that the trial court erred in the entry of its summary judgment of foreclosure and we therefore renew our reversal.

As we previously noted, SDCL 21–47–15 and –16 are clear. Those statutes, read together, place a burden upon a mortgagee seeking a deficiency judgment to establish by competent proof the fair and reasonable value of the mortgaged premises and further mandate that the court shall find and determine such value in its decree.

Here, the trial court made no determination of the fair and reasonable value of the property. Its holding may have been an attempt at providing a reasonable, practical procedure to deal with these specific facts. However, the statute does not give trial courts the authority to take such shortcuts.[1] We are dealing with statutes which were adopted in 1939 and which are now being utilized and interpreted in more modern times. Certainly more sophisticated financial arrangements are being utilized in the 1980s than during the Great Depression, which preceded the enactment of these statutes. However, it is the function of the legislature, not the courts, to modernize statutes to bring them in line with current times and practices.

After the trial court determines the fair and reasonable value of the property, as

---

1. We have clearly held that these procedural steps are *mandatory*. *Todd v. Winkelman*, 320 N.W.2d 525, 528 (S.D.1982); *Perpetual Nat'l Life Ins. Co. v. Brown*, 85 S.D. 330, 334, 182 N.W.2d 216, 218 (1971).

established by competent proof, it may then determine what amount to allow the mortgagee to bid and whether to provide for a deficiency judgment, following the provisions of SDCL 21–47–16.[2]

MORGAN, J., and GERKEN, Circuit Judge, concur.

WUEST, C.J., and SABERS, J., dissent.

GERKEN, Circuit Judge, sitting for HENDERSON, J., disqualified.

WUEST, Chief Justice (dissenting).

I stand by my dissent reported at 411 N.W.2d 418 (S.D.1987) and further join the dissent of Justice Sabers.

SABERS, Justice (dissenting).

The majority opinion continues to hold that the requirement to bid the fair and reasonable value "works to the protection of inferior lienholders as well as mortgagors." Again, no authority is cited for this statement. This is simply incredible in view of the fact that the inferior lienholder subordinated her position to FLB and not *vice versa.* The majority opinion is reversing the intended and obvious purpose and effect of the subordination agreement and the statutes.

If the majority holding is extended to its logical conclusion, it would provide unprecedented protection to all inferior lienholders, including all judgment creditors, mechanic and materialman lienholders, and other subsequent lienholders. These statutes were never intended to do that.

SDCL 21–47–15 and –16 are designed to prevent a mortgage holder (or an inferior lienholder) from obtaining a deficiency judgment against the debtor without regard to the fair value of the mortgaged property. *Miners & Merchants Bank v. Braden Forestry Services, Inc.,* 374 N.W. 2d 123 (S.D.1985). These statutes should likewise prevent a noncomplying mortgage holder from obtaining a deficiency judgment against an inferior lienholder who has also signed on the mortgage debt.

However, these statutes should not be extended to protect the inferior lienholder against herself when no one is even attempting to get a deficiency judgment against her. If she thinks the property has a fair and reasonable value above the bid of $267,000, she must bid it or redeem it. *Miners, supra.*

As the trial court stated: "in the event the value of the equity of the Defendant Agnes M. Carlson is in truth and in fact the difference between $267,000 and appraisal of $484,000, Defendant Agnes M. Carlson would be able to overbid Plaintiff and protect that equity." The majority opinion overlooks this point.

The majority opinion also overlooks the provisions in the conclusions of law and judgment which provided that if the property were not redeemed from the foreclosure sale, the deficiency judgment would be satisfied and cancelled.

The fatal defect in the majority opinion is the requirement that a mortgage holder *must* bid the fair and reasonable value of the property. They do not. They can refuse to bid altogether. They can, and usually do, bid in the property at the mortgage balance owed, but do not have to do so. A fair reading of these statutes makes it obvious that the only time a bid at a certain level is required is if a deficiency judgment is being taken against a mortgage debtor. To apply these statutes in favor of a subordinated lienholder is a rank injustice in this case and a perversity of South Dakota law.

The majority opinion makes all mortgagees captive buyers and leads to absurd results, such as:

(1) a foreclosing mortgagee with a $50,-000 mortgage on a $100,000 piece of

---

2. We have not "overlooked" the trial court's statement nor its conclusion and judgment, as suggested by the dissent. Rather, we have disregarded them as not appropriate or relevant to the specific issues addressed in this summary judgment proceeding. We fail to see any "rank injustice" or "perversity" in requiring a trial court to do that which is required of it by statute.

property being required to bid the latter amount;

(2) a foreclosing mortgagee having a $50,000 second mortgage with a $20,000 first mortgage on a $100,000 piece of property being required to bid the latter amount; and

(3) a foreclosing first mortgagee having a $50,000 first mortgage with a $20,000 second mortgage on a $100,000 piece of property being required to bid the latter amount with the result that the junior mortgagee is paid off at the expense and risk of the prior mortgagee.

All of these examples show an improper shifting of financial responsibility to a foreclosing mortgagee from a debtor who contractually undertook the indebtedness or from an inferior lien holder who had acknowledged and accepted inferior status.

The protection afforded inferior lienholders lies in their right to bid at the foreclosure sale or utilize the redemption statutes (such persons being denominated as redemptioners by virtue of SDCL 21–52–5). If a junior lienholder believes there is equity in the property after a foreclosure sale, he merely has to utilize the redemption statutes. *See, e.g.*, SDCL 21–52–14 and 21–52–19. It is interesting to note that SDCL 21–52–20 states that no person shall be required to pay the amount junior to his own, as would occur under the third example above.

It is one thing to state that a mortgagee may not obtain a deficiency judgment for not bidding the fair and reasonable value, but quite another matter to state that a mortgagee must bid the fair and reasonable value, even if that amount exceeds the value of the property to him or his lien.

It is clear from a reading of SDCL 21–47–16 that the legislature did not intend such an absurd and inequitable result. That section clearly reflects that SDCL 21–47–15 must be read in pari materia with SDCL 21–47–16 and –17. SDCL 21–47–16 plainly indicates that a mortgagee is not required to bid more than his judgment debt when that is less than the "fair and reasonable value" of the property. Failure

to bid the full mortgage debt when the property has a value in excess thereof may result in a loss of the right to a deficiency, as this court has ruled many times. However, that section makes it clear that SDCL 21–47–15 does not impose the obligation to bid the fair and reasonable value of the property under all circumstances. SDCL 21–47–16 also demonstrates that these statutes were not designed to benefit junior lienholders but were designed to prevent the unjust enrichment of a mortgagee by the securement of the property with a value in excess of the indebtedness and a deficiency judgment. The trial court specifically prevented this possibility in this case. As previously indicated, the mortgagor against whom the deficiency judgment could exist has not appealed this decision and certainly the appellant, Agnes, has no standing herein to challenge the same.

The trial court concluded that for all practical purposes, the mortgagee had collateral security for $267,000, the limit of the subordination, and that the balance of the claim was valueless. In other words, the trial court properly found that the "fair and reasonable value of the premises was less than the sum due."

Footnote 1 of the majority opinion states: "We have clearly held that these procedural steps are *mandatory.*" *Citing Todd* and *Perpetual.* In doing so, the majority opinion totally overlooks the reason we held these procedural steps to be mandatory in *Todd* and *Perpetual*—to obtain a deficiency judgment. Obviously, these procedural steps are mandatory to get a deficiency judgment. It is just as obvious that no deficiency judgment is being taken here against Agnes. Therefore, these procedural steps are not mandatory in this case. The majority opinion is insisting upon what should be a useless act. The majority opinion fails to defend its position or even attempt to explain away these absurd results. It prefers instead to attempt to hide behind that old scapegoat "it's the function of the Legislature, not the courts...."

Footnote 2 of the majority opinion states in part: "We fail to see any rank injustice or perversity in requiring a trial court to do

that which is required of it by statute." This misstates the dissent. The dissent stated: "To apply these statutes in favor of a subordinated lienholder is a rank injustice in this case and a perversity of South Dakota law." I respectfully submit that this continues to be the case, even if the majority opinion fails to see it.

For all of these reasons I respectfully dissent.