PARADIGM HOTEL MORTGAGE FUND, a Utah limited partnership, by its Partners, Paradigm Capital Inc., a Utah corporation, Grant S. Kesler, an individual, Stephen Wade, an individual, Jim K. Conover, an individual, and Paradigm Depository Corporation, a Utah corporation, Plaintiffs and Appellees,

v.

SIOUX FALLS HOTEL COMPANY, INC., a South Dakota corporation, and Steven C. Willis, an individual, Defendants and Appellants,

and

Yale F. Trustin, John Doeden, John V. Scotti, R.L. Schuler, individuals, 41st Street Properties, a South Dakota general partnership; and Betsy Lynn Newman, an individual, Defendants.

No. 17866.

Supreme Court of South Dakota.

Considered on Briefs Nov. 19, 1992.

Decided Jan. 26, 1994.

Stuart L. Tiede, Woods, Fuller, Shultz & Smith, Sioux Falls, for plaintiffs and appellees.

Steven C. Willis, pro se.

KONENKAMP, Circuit Judge (on reassignment).

Sioux Falls Hotel Company, Inc. (Hotel) and Steven C. Willis (Willis) appeal the trial court's grant of summary judgment to Paradigm Hotel Mortgage Fund (Paradigm), a partnership, et al, in a foreclosure action against Hotel, Willis (collectively, defendants) and others on a defaulted mortgage loan. We affirm, in part, reverse, in part, and remand.

## BACKGROUND

In 1989, Hotel and its managing principals, Willis and Yale Trustin (Trustin), negotiated with Paradigm for a $500,000 mortgage loan to purchase real property for a motel site in Sioux Falls. Paradigm required five individual guarantors in addition to the execution of a note and a one hundred eighty day redemption mortgage. Willis and Trustin were two of the guarantors. In July 1990, Paradigm mailed a notice of default to the principals and guarantors indicating that it would seek a deficiency judgment. It commenced this action in October, 1990, for payment on the promissory note, foreclosure of the mortgage and recovery against the guarantors.

On November 7, 1991, Paradigm sent defendants a notice of hearing on its motion for partial summary judgment. The hearing was originally scheduled to be heard on November 25, 1991, but was continued twice and ultimately heard on December 23, 1991. It was uncontroverted that Hotel defaulted on the payments required in the promissory note. Paradigm filed an affidavit with an attached appraisal showing that the property was worth $250,000. In response, Hotel and the guarantors submitted an affidavit from appraiser Robert Wilson of Omaha, Nebraska. His affidavit incorporated a letter from Frank Wilson who had appraised the property in 1988 and valued it at $453,000. Frank Wilson's letter stated, in part, that because "sufficient economic changes ... have transpired" a new appraisal would have to be undertaken "to obtain a persuasive estimate on this parcel of ground." Robert Wilson opined no present dollar value but stated in his affidavit that "It is my professional opinion that the fair market value of the property is substantially more than $250,000."

Defendants' affidavits also stated, in essence, that they relied upon Paradigm's representations when it checked the credit of the other guarantors before executing the note and mortgage. They also alleged other misrepresentations by Paradigm, the specifics of which (who, what, when and where) were not stated in the affidavits. Each guarantor, including Willis and Trustin, signed a guaranty which stated in part:

> The liability of Guarantors hereunder is exclusive and independent of any security for or other guaranty of Borrower's Indebtedness, it being specifically understood that no one Guarantor is relying upon the obligations of any other Guarantor and Paradigm may release or modify this Agreement in relation to the obligations of one or more Guarantors without affecting the liability of any other Guarantor.

After argument of counsel the circuit court ruled:

> I think that the appraisal has been laying out there a long time and, I think you have done nothing to counter it. I agree with the Plaintiffs that it is more bald asser-

tions than anything else. I find there is no material issue of fact. If there is, that the Defendant has not developed one and, therefore, I grant summary judgment on the motion.

The court granted summary judgment against Hotel and the five guarantors, jointly and severally, for $666,568, and set the property's fair and reasonable value at $250,000. The court also directed entry of final judgment as provided in SDCL 15–6–54(b). Paradigm gave notice of real estate mortgage foreclosure sale on January 17, 1992. The sheriff's sale was February 5, 1992. The real property was sold to someone other than Paradigm, the mortgage holder, for $244,000 plus the sheriff's commission, leaving a deficiency amount of $426,743. Paradigm submitted its application for deficiency. On April 16, 1992, the court entered an order authorizing issuance of general execution for the deficiency remaining on the judgment.

## ANALYSIS

This Court has often reiterated the rules governing summary judgment. Such relief is proper only when the moving party shows that judgment is merited as a matter of law because there is no genuine issue of material fact. *First Western Bank v. Livestock Yards*, 444 N.W.2d 387 (S.D.1989); *Caneva v. Miners and Merchants Bank*, 335 N.W.2d 339 (S.D.1983). The burden of clearly showing that no genuine issues of fact exist is on the moving party. *Klatt v. Continental Ins. Co.*, 409 N.W.2d 366 (S.D.1987). The facts must be viewed in a light most favorable to the nonmoving party. *Wilson v. Great Northern Railway Company*, 83 S.D. 207, 157 N.W.2d 19 (1968). On the other hand,

> When a motion for summary judgment is made and supported as provided in § 15–6–56, an adverse party may not rest upon the mere allegation or denials of his pleading, but his response, by affidavits or as otherwise provided in § 15–6–56, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

SDCL 15–6–56(e); *Baatz v. Arrow Bar*, 452 N.W.2d 138 (S.D.1990).

Hotel and Willis argue that the trial court erred in determining that no genuine issue of material fact exists on the value of the mortgaged property. At the summary judgment hearing, however, defendants sought no continuance pursuant to SDCL 15–6–56(f) to complete an appraisal or to obtain evidence to back up their conclusory allegations. The trial court was left to decide whether an issue of fact existed on value based upon defendants' appraiser's assertion that the property was worth "substantially more" than the value shown in the mortgage holder's appraisal. In sum, the circuit court was asked to anticipate possible proof. Unsupported conclusions and speculative statements do not raise a genuine issue of fact. *Home Fed. Sav. & Loan v. First Nat. Bank*, 405 N.W.2d 655 (S.D.1987).

Hotel and Willis contend that the trial court erred in granting summary judgment against them on the claim that the mortgage and guaranties were invalid based on Paradigm's misrepresentations. Defendants' affidavits were wholly inadequate to specify in what manner they were misled, however. Furthermore, even though Hotel's president, Trustin, and secretary, Willis, as principals found and arranged for the guarantors, they allege that because Paradigm checked out the creditworthiness of these persons, each guarantor was entitled to rely on this credit check of the other guarantors. Hotel and Willis cite no authority to sustain this proposition. We disregard legal arguments unsupported by citation to authority. *Corbly v. Matheson*, 335 N.W.2d 347 (S.D. 1983). Defendants' counterclaims based on these same allegations were later dismissed for failure to prosecute. The circuit court did not err in deciding that no genuine issue of fact exists on these issues.

Hotel and Willis attack the adequacy of the value the trial court found fair and reasonable for the mortgaged property when it granted summary judgment. The statutes governing the setting of a fair and reasonable value apply to cases where the mortgage holder intends to bid less than the debt owed. SDCL 21–47–15 and 16; SDCL

21–49–26 and 27; *see also Todd v. Winkelman*, 320 N.W.2d 525 (S.D.1982); *Perpetual National Insurance Co. v. Brown*, 85 S.D. 330, 182 N.W.2d 216 (1971). These strict rules are designed to prevent a mortgage holder from becoming unjustly enriched in obtaining a deficiency judgment by bidding an amount on the foreclosed property less than its fair value. Paradigm did not submit a bid, however, and the property was sold to an unrelated bidder. Nonetheless, Paradigm complied with three of the four requirements for obtaining a deficiency judgment mandated by this court in *Todd v. Winkelman, supra.* Paradigm followed SDCL 21–49–27 which states in pertinent part:

> If foreclosure has been commenced by action and a deficiency remains after the foreclosure sale, such holder shall be entitled to a general execution for such deficiency only upon application to the court.

The trial court granted a general execution for the full amount of the deficiency on Paradigm's application without making a determination pursuant to the fourth requirement in *Todd v. Winkelman, supra,* 320 N.W.2d at 528:

> 4. The allowable deficiency after a foreclosure sale cannot exceed the difference between the judgment debt and the fair and reasonable value of the mortgaged premises *regardless of who bids in the property at the foreclosure sale or regardless of the actual price at sale.* (emphasis added.)

Here the actual bid was for less than what the court previously found to be fair and reasonable when Paradigm sought to bid less than the total mortgage debt. We therefore remand this matter so that the circuit court can find the fair and reasonable value of the mortgaged premises and determine what deficiency amount is appropriate. In all other respects the rulings of the circuit court are affirmed.

Affirmed, in part, and reversed, in part, and remanded.

MILLER, C.J., and WUEST and HENDERSON, JJ., concur.

SABERS, J., dissents.

KONENKAMP, Circuit Judge, for AMUNDSON, J., disqualified.

SABERS, Justice (dissenting).

The circuit court granted partial summary judgment despite conflicting affidavits on the value of foreclosed property. Mortgagor Hotel and guarantor Willis appeal. We should reverse and remand for trial because a genuine issue material fact exists as to the value of the mortgaged property.

The standard of review of a grant or denial of summary judgment is well settled:

> In reviewing a grant or a denial of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.

*Waddell v. Dewey County Bank*, 471 N.W.2d 591, 593 (S.D.1991) (citations omitted). Summary judgment is an extreme remedy and is inappropriate to dispose of factual issues. This court is not bound by the factual findings of the trial court and must conduct an independent review of the record. *Koeniguer v. Eckrich*, 422 N.W.2d 600, 601 (S.D. 1988) (citations omitted).

Paradigm submitted affidavits from Curtis D. Elton and Don R. Mangum in support of its motion for partial summary judgment. An appraisal of the property by Bill Hobson, a licensed member of the Appraisal Institute (M.A.I.), was appended to Elton's affidavit. Hobson valued the property at $250,000.

Hotel filed an affidavit of Robert Wilson (R. Wilson), also a licensed M.A.I., in resis-

tance to Paradigm's motion for summary judgment. R. Wilson stated in his affidavit that in his "professional opinion [ ] the fair market value of the property is substantially more than $250,000." Attached to R. Wilson's affidavit was a letter from Frank D. Wilson, M.A.I., which affirmed the September 1, 1988 appraisal in which the property was valued at $453,000. According to the letter, the property maintained this value through April, 1990, the date of the last evaluation by the company. He concluded, however, that a "new appraisal report needs to be undertaken by our firm before I can make a persuasive estimate of current value." The circuit court entered a judgment against Defendants, jointly and severally, in the amount of $666,568.47 and set a value of $250,000 on the property.

In viewing the evidence in the light most favorable to Hotel and Willis, the nonmoving parties, and resolving all reasonable doubts in their favor, Paradigm has failed to demonstrate the absence of a genuine issue of material fact. The affidavit of R. Wilson clearly establishes that the value of the property, a material fact, was at issue. Paradigm also argues that the affidavit of R. Wilson fails to meet the requirements of SDCL 15–6–56(e).[1] While the affidavit and the letter do not establish a specific value, they demonstrate R. Wilson's competency to testify to a value "substantially more than $250,000."

In granting summary judgment on the issue of property value, the circuit court stated:

I am going to rule in favor of the Plaintiffs. *I think that the appraisal has been laying out there a long time and, I think you have done nothing to counter it.* I agree with the Plaintiffs that it is more bald assertions than anything else. I find there is no material issue of fact. If there is, that the Defendant has not developed one and, therefore, I grant summary judgment on the motion. (Emphasis added).

The court erred in placing the burden of developing the issue of fact on Defendants when it should have held a trial to resolve conflicting affidavits as to value. *State v. Thiewes,* 448 N.W.2d 1, 2–3 (S.D.1989); SDCL 15–6–56(c); SDCL 21–47–16.[2] For summary judgment purposes, Paradigm had the burden and failed to demonstrate the absence of a material issue of fact, specifically the value of the mortgaged property. *Koeniguer,* 422 N.W.2d at 602–03; *Thiewes,* 448 N.W.2d at 2–3. We should reverse and remand for trial.

1. SDCL 15–6–56(e) provides in part:
   Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

2. SDCL 21–47–16 provides:
   If the holder of such mortgage is not willing at such sale to bid the full amount of the judgment debt, *such mortgage holder shall establish at the time of the trial* by competent proof to the satisfaction of the court, the fair and reasonable value of the mortgaged premises, and the court shall determine the same in its decree. If the court shall find such fair and reasonable value, less the sum of the balances due as of the date of judgment on any prior liens or encumbrances upon the mortgaged premises, including liens or charges for real property taxes and special assessments, to be less than the sum due on said mortgage, with costs and disbursements, and costs and expenses of sale, it may by such decree authorize such mortgage holder to bid not less than the fair and reasonable value as thus determined, less the sum of the balances due, as of the date of sale, on any prior liens and encumbrances upon the mortgaged premises, including liens or charges for real property taxes and special assessments; and if a deficiency remains after the foreclosure sale, such mortgage holder shall be entitled to a general execution for such deficiency only upon application to the court in which the judgment was rendered. (Emphasis added.)